IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC., <br><br> Defendants. | C.A. No. 04-339 (JJF) <br><br> JURY TRIAL DEMANDED |
| MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LIGHTHOUSE CONSTRUCTION INC., BECKER MORGAN GROUP, INC., and O'CONNELL, NACCARATO & MACINTOSH, INC., <br><br> Defendants, <br><br> v. <br><br> LIGHTHOUSE CONSTRUCTION, INC., <br><br> Defendant & Third-party Plaintiff, <br><br> v. <br><br> EAST COAST ERECTORS, INC., <br><br> Third-Party Defendant. | C.A. No. 04-1322 (JJF) <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE RULE 14(a) CLAIM AGAINST
<u>THIRD-PARTY DEFENDANT EAST COAST ERECTORS, INC.</u>**

Plaintiff, Federal Insurance Company a/s/o Eziba.Com, Inc./Avacet, Inc., Eziba

Securities Corp., moves to file Plaintiff's Rule 14(a) claim against third-party defendant East

Coast Erectors, Inc. ("East Coast"). Defendant and third-party plaintiff, Lighthouse Construction, Inc. ("Lighthouse"), previously filed a third-party complaint against third-party defendant East Coast under theories of contribution and indemnity. Plaintiff now seeks to file a Rule 14(a) claim against third-party defendant East Coast to assert a negligence count.

This is a property damage subrogation case arising out of the February 17, 2003 partial collapse of the roof of a building in which Plaintiff's insured had warehoused a substantial volume of business personal property. As a result of the collapse, Plaintiff's insured sustained substantial damage to its business personal property and sustained business income and extra expense losses.

As set forth in Plaintiff's complaint, which is incorporated herein by reference, Plaintiff alleges in part that the collapse resulted from the failure by the defendant and additional defendant to account for the additional snow load which would be imposed upon the pre-existing 1995 building by construction of the 1999 building immediately adjacent thereto; by the defendant and additional defendants failure to evaluate the 1995 building for the increased snow load caused by the construction of the 1999 building and the resulting height differential created where the buildings interfaced; by the failure of the defendant and additional defendant to engineer or otherwise account for the additional snow load imposed on the pre-existing 1995 building in the course of designing and construction of the 1999 building; and by the defendants and additional defendants' failure to properly inspect the pre-existing 1995 building in the course of designing and construction of the 1999 building as more fully set forth in Plaintiff's complaint.

Plaintiff's total damages exceed $1 million.

Federal Rule of Civil Procedure 14 states in pertinent part that:

> [A] party may amend the parties' pleading only by leave of Court or by written consent of the adverse parties; and leave shall be freely given when justice so requires.

In Wasik v. Borg, 423 F.2d 44 (2d Cir. 1970), the Court of Appeals upheld the jury verdict where in the third-party defendant was found liable for the Plaintiff's injuries even though "it would doubtless have been better if [Plaintiff] had amended its complaint to include a claim against the third-party defendant." Id. at 46. The jury had held the third-party defendant directly liable to the Plaintiff while exonerating the defendant and third-party plaintiff, even though the Plaintiff had not formally sought to amend his complaint prior to or during the trial to assert a direct claim against the third-party defendant. In reaching its decision, the Court of Appeals relied on the authorization for a direct action under Rule 14(a) of the Federal Rules of Civil Procedure, as well as Rule 15(b) of the Federal Rules of Civil Procedure which authorizes the amendment of the pleadings to be conformed to the evidence. There, the Court noted that the parties had tried the case on a theory that the third-party defendant was directly liable to the Plaintiff.

Plaintiff here asserts a Rule 14(a) claim directly against third-party defendant East Coast based on negligence. Plaintiff represents that as third-party defendant East Coast has been a party to this action since having been originally joined on theories of contribution and indemnity by defendant and third-party plaintiff Lighthouse, that third-party defendant East Coast will not be prejudiced in any way by this pleading.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion for leave to file Plaintiff's Rule 14(a) claim against third-party defendant East Coast.

Dated: March 8, 2005

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, DE  19801
(302) 295-2000
sbellew@cozen.com
  *Attorneys for Plaintiff*

Of Counsel:
Steven K. Gerber
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2088