**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EBIZA SECURITIES CORP. | : : : : | Civil Action No. 04-339 JJF |
| Plaintiff, | : : : | JURY OF TWELVE DEMANDED |
| v. | : : | |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. | : : : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MILLERS CAPITAL INSURANCE COMPANY, a/s/o DEL-HOMES CATALOG GROUP, LLC, | : : : : | Civil Action No. 04-1322 JJF |
| Plaintiff, | : : : | JURY OF TWELVE DEMANDED |
| v. | : : | |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC., | : : : : : | |
| Defendants, | : : | |
| and | : : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : : | |
| Defendant and Third-Party Plaintiff, | : : : | |
| v. | : : | |
| EAST COAST ERECTORS, INC., | : : | |
| Third-Party Defendant. | : | |

**THIRD-PARTY DEFENDANT EAST COAST ERECTORS, INC.'S
RESPONSE TO PLAINTIFF FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM,
INC./AVACET, INC., EZIBA SECURITIES CORP.'S MOTION FOR LEAVE TO FILE
RULE 14(a) CLAIM AGAINST EAST COAST ERECTORS, INC.**

COMES NOW East Coast Erectors, Inc., (hereinafter "ECE") and responds to Federal Insurance Company a/s/o Eziba.Com, Inc./Avacet, Inc., Eziba Securities Corp.'s (hereinafter "Federal Insurance") Motion for Leave to File Rule 14(a) Claim Against ECE respectfully showing the Court as follows:

1. Federal Insurance seeks to file a negligence claim against ECE in Federal Insurance v. Lighthouse Construction, Inc., C.A. No. 04-339 JJF (hereinafter the "Federal Case"), pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. ECE opposes Federal Insurance's motion and requests that it be denied for the following reasons. First, it is not procedurally possible for Federal Insurance to file a claim against ECE pursuant to Rule 14(a) because ECE is not a party to the Federal Case. Second, any claims by Federal Insurance against ECE are time-barred by the applicable statute of limitations.

2. The relevant procedural history is as follows. On November 19, 2004, Lighthouse Construction, Inc. (hereinafter "Lighthouse") filed a third-party complaint against ECE for contribution and indemnification in Millers Capital v. Lighthouse., C.A. No. 04-1322 JJF (hereinafter the "Millers Capital Case"). On December 9, 2004, without any participation or consent by ECE or its counsel, the Millers Capital Case was consolidated with the Federal Case (hereinafter the "Consolidated Cases"). On January 14, 2005, the Court entered a Rule 16 Scheduling Order for the Consolidated Cases. On January 26, 2005, Lighthouse filed a motion for leave to file a third-party complaint against ECE in the Federal Case. (D.I. 59) To date, that motion has not been granted and a third-party complaint has not been filed. **Consequently, although the Millers Capital Case and the Federal Case have been consolidated, ECE is**

**only a party in the <u>Millers Capital</u> Case.  ECE is not presently a party in the <u>Federal</u> Case.**

On March 8, 2005, Federal Insurance filed its motion to file a claim against ECE pursuant to Rule 14(a).

    3.    Rule 14(a) states in pertinent part:

> The plaintiff may assert any claim against a third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13.

A plaintiff can file a claim against a third-party defendant pursuant to Rule 14(a) "at any time before the statute of limitations has run." <u>Dysart v. Marriott Corp.</u>, 103 F.R.D. 15, 18 (E.D. Pa 1984).  Rule 14(a) "does not envision the revival of an action barred by the statute of limitations."  <u>Carroll v. USA</u>, 149 F.R.D. 524, 527 (W.D. La 1993).  An amendment to a complaint "should relate back only where there has been an error made concerning the identity of the proper party." <u>Great Northeastern Lumber & Millwork Corp. v. Pepsi-Cola Metropolitan Bottling Co., Inc.</u>, 785 F. Supp. 514, 516 (E.D. Pa. 1992).

    4.    It is not procedurally possible to grant Federal Insurance's motion to file a claim against ECE; therefore, Federal Insurance's motion must be denied.  Rule 14(a) allows a plaintiff to bring a claim against a **third-party defendant**.  In its motion, Federal Insurance represents that ECE is already a third-party in the <u>Federal</u> Case; however, that is simply not true.  The Court has not yet ruled on Lighthouse's motion to file a third-party complaint against ECE.  Although the <u>Millers Capital</u> Case and the <u>Federal</u> Case have been consolidated, to date ECE is only a party in the <u>Millers Capital</u> Case.  ECE is not presently a party in the <u>Federal</u> Case.  Consequently, Federal Insurance's motion to bring a claim against ECE pursuant to Rule 14(a) must be denied.

5.   In the alternative, Federal Insurance cannot bring a claim against ECE pursuant to either Rule 14 or Rule 15 because its claims are time-barred pursuant to the applicable statue of limitations. Federal Insurance's claims for business and personal property damages paid to an insured tenant arising from a partial roof collapse on February 17, 2003 are subject to a two-year statute of limitations pursuant to 10 Del. C. § 8107. Federal Insurance never filed a direct action against ECE within the applicable limitations period.

6.   Assuming *arguendo* that the Court treats Federal Insurance's claim pursuant to Rule 14(a) as a motion to amend pursuant to Rule 15 and considers the relation back issue, Federal Insurance's negligence claim against ECE does not relate back to its complaint. In order for a claim to relate back pursuant to Rule 15(c), the following requirements must be met:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In Great Northeastern Lumber & Millwork Corp., plaintiff filed a claim against third-party defendant pursuant to Rule 14(a) after the statute of limitations had expired and seven months after the third-party complaint was filed. Third-party defendant argued that plaintiff's claim was time-barred. Plaintiff requested that its claim pursuant to Rule 14(a) be treated as an amended pleading for purposes of analyzing the Rule 15(c) relation back issue, and argued that its claim related back to its complaint. The Court denied plaintiff's motion to amend on the grounds that plaintiff was unable to show a mistake as required by Rule 15(c)(3)(B), and held

that an amendment to a complaint filed after the expiration of the statute of limitations "should relate back only where there has been an error made concerning the identity of the proper party." Great Northeastern Lumber & Millwork Corp., 785 F. Supp. at 516 (citing Norton v. International Harvester Company, 627 F.2d 18, 22 (7th Cir. 1980)).  The Court did not permit plaintiff to bring a claim against third-party defendant pursuant to either Rule 14(a) or Rule 15(c).

       7.      Federal Insurance could have filed either a direct action against ECE or a motion to amend its complaint pursuant to Rule 15 to bring a negligence claim against ECE at any time prior to the expiration of the statute of limitations; however, it did not do so.  Federal Insurance was aware of ECE's alleged role in its case at least by December 9, 2004, when the Millers Capital Case and the Federal Case were consolidated.  As in Great Northeastern Lumber & Millwork Corp., Federal Insurance cannot demonstrate that there was some mistake that prevented it from filing a direct claim against ECE prior to the expiration of the statute of limitations.  Federal Insurance cannot now circumvent the statute of limitations by bringing a time-barred claim against ECE pursuant to Rule 14(a).  "[T]he provisions of Rule 14 were simply not intended to allow circumvention of statutes of limitations."  Carroll, 149 F.R.D. at 527 (denying plaintiffs' motions to bring claims against third-party defendant pursuant to Rule 14(a) because the statute of limitations had expired).

Federal Insurance will likely argue that ECE participated in discovery in the Consolidated Cases and is therefore not prejudiced by Federal Insurance's claim; however, participation in discovery alone should not waive ECE's statute of limitations defense in this case.  Discovery was already underway in the Federal Case when ECE was third-partied into the Millers Capital Case.  The Scheduling Order for the Consolidated Cases required all written discovery to be

completed by March 31, 2005.  ECE could not risk prejudicing its defense by failing to fully participate in discovery.

8. For the foregoing reasons, Federal Insurance cannot bring a claim against ECE pursuant to either Rule 14(a) or Rule 15 because those claims are all time-barred by the applicable statute of limitations; therefore, Federal Insurance's motion must be denied.

        WETZEL & ASSOCIATES, P.A.

        /s/ Natalie M. Ippolito
        Benjamin C. Wetzel, III (I.D. No. 985)
        Natalie M. Ippolito (I.D. No. 3845)
        The Carriage House, Suite 201
        1100 N. Grant Avenue
        Wilmington, DE 19805
        (302) 652-1200
        nippolito@wetzellaw.com

        Robert B. Hill, Admitted Pro Hac Vice
        MCLAIN & MERRITT, P.C.
        3445 Peachtree Road N.E., Suite 500
        Atlanta, GA 30326

        *Attorneys for Third-Party Defendant*
        *East Coast Erectors, Inc.*

Dated:  March 18, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY<br>a/s/o EZIBA.COM, INC./AVACET, INC.,<br>EBIZA SECURITIES CORP. | : <br> : <br> : <br> : | Civil Action No. 04-339 JJF <br><br> JURY OF TWELVE DEMANDED |
| Plaintiff, | : | |
| v. | : | |
| LIGHTHOUSE CONSTRUCTION, INC.,<br>BECKER MORGAN GROUP, INC.,<br>and O'DONNELL, NACCARATO &<br>MACINTOSH, INC. | : <br> : <br> : <br> : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MILLERS CAPITAL INSURANCE<br>COMPANY, a/s/o DEL-HOMES CATALOG<br>GROUP, LLC, | : <br> : <br> : <br> : | Civil Action No. 04-1322 JJF |
| Plaintiff, | : | JURY OF TWELVE DEMANDED |
| v. | : | |
| LIGHTHOUSE CONSTRUCTION, INC.,<br>BECKER MORGAN GROUP, INC., and<br>O'DONNELL, NACCARATO &<br>MACINTOSH, INC., | : <br> : <br> : <br> : | |
| Defendants, | : | |
| and | : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : | |
| Defendant and Third-Party Plaintiff, | : | |
| v. | : | |
| EAST COAST ERECTORS, INC., | : | |
| Third-Party Defendant. | : | |

# **ORDER**

**AND NOW,** this _____ day of _____, 2005, upon consideration of Federal Insurance Company a/s/o Eziba.Com, Inc./Avacet, Inc., Eziba Securities Corp.'s Motion for Leave to File Rule 14(a) Claim Against East Coast Erectors, Inc., and East Coast Erectors, Inc.'s opposition thereto,

**IT IS HEREBY ORDERED** that Federal Insurance Company a/s/o Eziba.Com, Inc./Avacet, Inc., Eziba Securities Corp.'s Motion for Leave to File Rule 14(a) Claim Against East Coast Erectors, Inc. is DENIED.

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2005, I electronically filed THIRD-PARTY DEFENDANT EAST COAST ERECTORS, INC.'S RESPONSE TO PLAINTIFF FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP.'S MOTION FOR LEAVE TO FILE RULE 14(a) CLAIM AGAINST EAST COAST ERECTORS, INC. with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    David J. Baumberger, Esquire        Frank E. Noyes, II, Esquire
    Chrissinger & Baumberger            White & Williams, LLP
    Three Mill Road, Suite 301            PO Box 709
    Wilmington, DE 19806                Wilmington, DE 19899-0709

    James F. Bailey, Jr., Esquire          Sean J. Bellew, Esquire
    Bailey & Associates                   Cozen O'Connor
    Three Mill Road, Suite 306A         Chase Manhattan Centre
    Wilmington, DE 19806                1201 N. Market Street, Suite 1400
                                            Wilmington, DE 19801

    Robert K. Beste, Jr., Esquire
    Cohen, Seglias, Pallas, Greenhall & Furman, PC
    Nemours Building
    1007 Orange Street, Suite 205
    Wilmington, DE 19801

I hereby certify that on March 21, 2005, I will mail by United States Postal Service, the document to the following non-registered participants:

    Victoria K. Petrone, Esquire         Ron L. Pingitore, Esquire
    Tighe, Cottrell & Logan, PA          White and Williams, LLP
    PO Box 1031                             1800 One Liberty Place
    Wilmington, DE 19899               Philadelphia, PA 19103-7395

    Steven K. Gerber, Esquire            Dana Ostrovsky, Esquire
    Cozen O'Connor                     Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
    1900 Market Street                  11th Floor, 1515 Market Street
    Philadelphia, PA 19103              Philadelphia, PA 19102

                                            WETZEL & ASSOCIATES, P.A.

                                            /s/ Natalie M. Ippolito
                                            Natalie M. Ippolito (I.D. No. 3845)
                                            The Carriage House, Suite 201
                                            1100 N. Grant Avenue
                                            Wilmington, DE 19805
                                            (302) 652-1200
                                            nippolito@wetzellaw.com