UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY** a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP. | : : : : : | CIVIL ACTION NO. 04-339 |
| **Plaintiff,** | : : | |
| v. | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC.,** **BECKER MORGAN GROUP, INC., and** **O'DONNELL, NACCARATO & MACINTOSH, INC.,** | : : : : : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **MILLERS CAPITAL INSURANCE COMPANY** a/s/o DEL-HOMES CATALOG GROUP, LLC, | : : | CIVIL ACTION NO. 04-1322-JJF |
| **Plaintiff,** | : | |
| v. | : | |
| **LIGHTHOUSE CONSTRUCTION, INC.,** **BECKER MORGAN GROUP, INC., and** **O'DONNELL, NACCARATO & MACINTOSH, INC.,** | : : : : | |
| **Defendants.** | : : | |
| and | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC.,** | : : : | **JURY TRIAL DEMANDED** |
| **Defendant and Third-Party Plaintiff,** | : : : | |
| v. | : : | |
| **EAST COAST ERECTORS, INC.,** | : : | |

    **Third-Party Defendant.**     :

## MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT LIMITED TO FEDERAL INSURANCE V. LIGHTHOUSE, ET. AL.

  This motion is to correct the previously filed motion that was incorrectly styled as a motion to Amend the Complaint. (Docket No. 59)  This motion corrects the procedural posture and seeks leave under Rule 14 to add a third-party pursuant to the Court's Scheduling Order.  There is no prejudice to East Coast as it has been in the companion case and participating in all discovery ongoing in the combined cases.  As such, the addition of East Coast as a third party defendant in the Federal Insurance portion of the case will properly align all parties in both actions, and bring an indispensable party into the matter.  The prior motion remains pending and undecided by the Court, and that motion may be withdrawn in favor of this corrected motion.

  Pursuant to Federal Rule of Civil Procedure Rule 14, defendant, Lighthouse Construction Inc. ("Lighthouse") requests leave to file the Third-Party Complaint.  In support of its motion, Lighthouse avers the following facts:

  1. Federal Rule of Civil Procedure Rule 14 allows a defendant to add a Third-Party Defendant anytime by leave of court or by written consent of the adverse party.  Such leave shall be freely given where justice so requires.

  2. Plaintiff, Federal Insurance Company filed a Complaint against defendants Lighthouse Construction Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc.  a copy of which is attached hereto as Exhibit "A."   Subsequently, another action entitled Millers Capital Insurance Company, a/s/o Del. Homes Catalog Group, Inc. was filed against the same defendants

arising from the same incident. Lighthouse Construction had already responded to the Federal Insurance complaint when the subsequent action was filed. Thereafter, it was determined that a third-party action existed against East Coast Erectors and such action was instituted in the Millers Capital case. All parties to these actions agreed that the two matters should thereafter be consolidated, which the Court recently granted on December 10, 2004.

The same basis exists for Lighthouse to assert a Third-Party Complaint against East Coast Erectors in the Federal Insurance matter as in the Millers Capital matter. Accordingly, in order to bring all parties necessary for a full adjudication of both matters into the consolidated case, it is necessary for Lighthouse Construction to formally assert its Third-Party Complaint for indemnity and contribution against East Coast Erectors for those damages alleged by Federal Insurance Company.

3. East Coast Erectors has already been named as a third party defendant in the former Millers Capital case, therefore, the following motion is intended to limit the addition of East Coast Erectors as a Third Party Defendant to the Federal Insurance case to insure their inclusion in the now-consolidated action.

4. Lighthouse contracted with Third-Party Defendant East Coast Erectors, Inc. to provide the engineering, architectural, design and construction of the 1999 building in March 1999 pursuant to East Coast Erectors' bid on the proposal and bid package on the project.

5. Lighthouse has denied liability to the plaintiffs, but asserts that if held liable to plaintiffs, Lighthouse is entitled to indemnification and/or contribution for East Coast Erectors, Inc.'s negligence contributing to the loss alleged in the original Complaint.

6. Lighthouse asserts that if liable to the plaintiff, it is entitled to indemnification and/or contribution under the terms of the written contract executed on March 15, 1999 between East Coast

Erectors and Third-Party Plaintiff requiring indemnification of Third-Party Plaintiff for any claim arising out of or resulting from performance of the subcontractor's work or the negligence of the subcontractors on the project.

7.  Third-Party Plaintiff is entitled to indemnity and/or contribution from Third-Party Defendant for Third-Party Defendant's acts including:

   a. negligence in failing to properly design the 1999 building to account for snow loads on the adjoining property;

   b. failing to properly design the 1999 building to avoid causing damage to adjacent properties from the size, location and construction of the 1999 building;

   c. negligent retention of subcontractors responsible for providing design and architectural professional services on the design and preparation of construction drawings and documents used and relied upon for the construction of the 1999 building;

   d. negligent supervision and oversight of its subcontractors retained to provide professional construction design and architectural services to Third-Party Defendant for construction of the 1999 building and;

   e. negligent construction of the 1999 building permitting an excessive snow accumulation to result on the adjacent 1995 building as a result of improper snow load calculations for design of the building, improper design of the building creating an improper height difference between the two buildings resulting in snow drift accumulation on the adjacent 1995 building.

**WHEREFORE**, Defendant and Third-Party Plaintiff requests the Court enter an ORDER granting its Motion to Add Third-Party Defendant and permit the filing of the Third-Party Complaint as attached as Exhibit B.

          CHRISSINGER & BAUMBERGER

          /s/David L. Baumberger
          DAVID L. BAUMBERGER (#2420)
          Three Mill Road, Suite 301
          Wilmington, DE  19806
          (302) 777-0100
          Attorney for Defendant/Third-Party Plaintiff
             Lighthouse Construction, Inc.

DATED:      April 29, 2005