AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **MASSACHUSSETTS**

Millers Capital Ins. Co. a/k/a Del-Homes Catalog
V.
Lighthouse Construction, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

(Consolidated)
Case Number:[1] 04-339 and 04-1322
USDC - District of Delaware

TO: Records Custodian for eZiba.com
Attn: Carl M. Fortin, CFO
120 Mass MOca Way
North Adams, MA 01247

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE  Wetzel & Associates, P.A., The Carriage House, Suite 201, 1100 N. Grant Avenue, Wilmington, DE 19805 | DATE AND TIME  5/31/2005 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 5/6/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Natalie Ippolito, Esquire, Attorney for Third-Party Defendant East Coast Erectors, Inc., Wetzel & Associates, P.A., The Carriage House, Suite 201, 1100 North Grant Avenue, Wilmington, Delaware 19805  (302) 652-1200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                    DATE                                SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## EXHIBIT "A" TO THE SUBPOENA ADDRESSED TO THE
## RECORDS CUSTODIAN OF EZIBA.COM

As used herein, "Document" shall mean every writing or record, however produced, reproduced or preserved, including, but not limited to, every book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, interoffice or intra office communication, memorandum reflecting an oral communication, handwritten or other note, working paper, draft, application, permit, chart, drawing, paper, graph, survey, photograph, index, tape, disk, data sheet, data processing card, computer printout and every other written, typed, recorded, transcribed, filed or graphic matter, including such materials electronically recorded, filed or maintained on discs, tapes or computers.

As used herein, "you" and "your" shall mean Eziba.com, including its parents, subsidiaries, successors, agents and representatives acting on its behalf, including but not limited to Avacet, Inc. and Eziba Securities Corp.

As used herein, "Subject Buildings" shall refer to buildings that were erected in or about 1995, and in or about 1999, located at 97 Commerce Way, Dover, DE, and owned by Del-Homes Catalog Group, LLC which you leased, occupied or in which you stored inventory, goods or materials, and which suffered a collapse on February 17, 2003.

### DOCUMENTS TO BE PRODUCED

Produce every Document related to or concerning the Subject Buildings, including but not limited to the following:

1. The design, construction, modification, occupancy, use, storage of goods or other products or services in or from the Subject Buildings;

2. The collapse, demolition, repair, reconstruction and damage to the Subject Buildings;

3. Any contents, goods, property or inventory stored in the Subject Buildings, or losses, damages, or expenses arising therefrom, including any related insurance claims;

4. All documents pertaining to the identity of any salvers or entities involved in the recovery, salvage of goods, and recovery of any description for the goods contained in the Subject Buildings;

5. All documents, including but not limited to, book or physical inventory records, confirmations, counts or other details of inventory records relating to goods which were stored in the Subject Buildings <u>and</u> for which any claim for damages is asserted in this action;

6. All time slips, invoices, or other documents, from all persons, relating to the salvage or any recovery efforts pertaining to goods for which any damage claim is made in this action;

7. All reports, accounts or other documents relating to the salvage or recovery, evaluation or loss relating to goods for which any damage claims are asserted in this action;

8. All documents relating to the efforts or activities related to the recovery, salvage, extraction, removal, sale or other disposition of goods for which any damage claim is made in this action;

9. All correspondence, communications, and documents transmitted between Federal Insurance Company, including its attorneys, and Eziba.com,

Avacet, Inc. or Eziba Securities Corp., and their agents, attorneys or representatives, or between you and any other insurers or attorneys (excluding your attorneys) involved in any claims pertaining to the Subject Buildings;

10. Annual financial statements of Eziba.com for the years 2001, 2002, 2003 and 2004;

11. Federal income tax returns of Eziba.com for the years 2001, 2002, 2003 and 2004;

12. Monthly financial statements for Eziba.com for the years 2001, 2002, and 2003.