UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY** a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP. | : : : | **CIVIL ACTION NO. 04-339** |
|       Plaintiff, | : | |
|    v. | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC.,** and **O'DONNELL, NACCARATO & MACINTOSH, INC.,** | : : : : | **JURY TRIAL DEMANDED** |
|       Defendants. | : | |
| and | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC.,** | : | |
|       Defendant and Third-Party Plaintiff, | : : : | |
|    v. | : : | |
| **EAST COAST ERECTORS, INC.,** | : | |
|       Third-Party Defendant. | : | |

| | | |
|---|---|---|
| **MILLERS CAPITAL INSURANCE COMPANY** a/s/o DEL-HOMES CATALOG GROUP, LLC, | : : : | **CIVIL ACTION NO. 04-1322-JJF** |
|       Plaintiff, | : | |
|    v. | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC.,** and **O'DONNELL, NACCARATO & MACINTOSH, INC.,** | : : : : | |
|       Defendants. | : | |
| and | : : | **JURY TRIAL DEMANDED** |
| **LIGHTHOUSE CONSTRUCTION, INC.,** | : | |
|       Defendant and Third-Party Plaintiff, | : : : | |
|    v. | : : | |
| **EAST COAST ERECTORS, INC.,** | : | |
|       Third-Party Defendant. | : | |

**DEFENDANT/THIRD PARTY PLAINTIFF LIGHTHOUSE CONSTRUCTION INC.'S REPLY TO EAST COAST ERECTORS, INC.'S RESPONSE TO LIGHTHOUSE CONSTRUCTION, INC.'S MOTION <u>FOR LEAVE TO FILE THIRD-PARTY COMPLAINT</u>**

COMES NOW, Lighthouse Construction Inc. (hereinafter "Lighthouse") by and through its undersigned counsel and hereby responds to East Coast Erectors Inc.'s (hereinafter "ECE") Response to Lighthouse's Motion for Leave to File Third-Party Complaint (hereinafter "Motion for Leave").  In support of its Motion, Lighthouse asserts the following:

1. Lighthouse filed its Motion for Leave against ECE pursuant to Rule 15 of the Federal Rules of Civil Procedure. ECE filed its response to Lighthouse's Motion for Leave on May 11, 2005.

2. Lighthouse alleges that it is entitled to indemnification and/or contribution from ECE pursuant to the Standard Form of Agreement Between Contractor and Subcontractor (hereinafter "Agreement") signed by Lighthouse and ECE on March 15, 1999.  In its response to the Motion for Leave, ECE argues that the Agreement was not signed by the parties and as there is no other signed contract between the parties, there is no basis for a claim of contractual indemnification against ECE.

3. A contract does not necessarily need to be signed by the parties to be enforceable. For example, "if the party sought to be charged intended to close a contract prior to the formal signing of a written draft, and such written draft is viewed by the parties as a convenient method of their previous contract, he will be bound by the contract actually made though the signing of the written draft be omitted." <u>Hamilton Foundry & Machine Co. v. International Molders & Foundry Workers Union of North America</u>, 193 F.2d 209, 214 (6th Cir. 1951).  It is a question of intention.  <u>Id</u>.  The terms of the Agreement between ECE and Lighthouse are unambiguous and

clearly demonstrate the parties intent to form a contract. In addition, ECE and Lighthouse performed under the terms contained in the Agreement.

4. Further, a party should not be entitled to affirm a contract by retaining its benefits and at the same time question its validity. Kelly v. International Insurance Re-Insurance Corporation, 174 A. 267 (Del. Ch. 1934). Here, ECE received payments pursuant to the Agreement between it and Lighthouse. Therefore, ECE obtained a benefit under the contract. Therefore, it should not be permitted to turn around and question whether the Agreement existed.

5. Furthermore, even though a signed writing is typically required to satisfy the statue of frauds, there is an exception for part performance. Therefore, a contract may be enforceable, even though it is not signed, when there has been partial performance of the contractual obligation. "Part performance by a party is regarded as substantial evidence that a contract was in fact made, thereby rendering the policy underlying the Statue of Frauds inapplicable." Taylor v. Jones, 2002 WL 31926612, *4 (Del. Ch. 2002).

6. In addition, the concerns raised in ECE's Response are premature as the parties have not conducted discovery with respect to Lighthouse's Third Party Complaint. To date, Lighthouse has not had the opportunity to obtain information from ECE's personnel with respect to the contract and their understanding of its enforceability and terms. As the allegations in Lighthouse's Third Party Complaint should be treated as true at this stage and an Agreement exists between Lighthouse and ECE, Lighthouse's Motion for Leave should not be denied.

**CHRISSINGER & BAUMBERGER**

<u>/s/David L. Baumberger</u>
DAVID L. BAUMBERGER (#2420)
Three Mill Road, Suite 301
Wilmington, DE 19806
(302) 777-0100
Attorney for Defendant/Third-Party Plaintiff
   Lighthouse Construction, Inc.

# CERTIFICATE OF SERVICE

I, **DAVID L. BAUMBERGER, ESQUIRE,** hereby certify that on May 18, 2005, I have had deposited in the mailbox at Three Mill Road, Suite 301, in Wilmington, Delaware, two true and correct copies of the attached Answer to East Coast Erector's Response to Defendant's Motion to File Third Party Complaint to the following:

| | | |
|---|---|---|
| Steven K. Gerber, Esquire<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 | Sean J. Bellew, Esquire<br>Cozen O'Connor<br>Chase Manhattan Centre<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801 | James Bailey, Esquire<br>Three Mill Road, Suite 306<br>Wilmington, DE 19806 |
| Dana Ostrovski, Esquire<br>Cohen, Seglias, Pallas,<br>P.A.<br>Greenhall & Furman PC<br>1515 Market Street,<br>Eleventh Floor<br>Philadelphia, PA 19102 | Benjamin Wetzel, III, Esquire<br>Wetzel & Associates, P.A.<br><br>The Carriage House<br>Suite 201<br>1100 N. Grant Avenue<br>Wilmington, De 19805 | Victoria K. Petrone, Esquire<br>Tighe, Cottrell & Logan,<br><br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899 |
| Paul Cottrell, Esquire<br>Tighe, Cottrell & Logan, P.A.<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899 | Robert K. Beste, Jr., Esquire<br>Cohen, Seglias, Pallas, Greenhall &<br>Furman, P.C.<br>1007 Orange Street, Suite 205<br>Nemours Building<br>Wilmington, DE 19801 | Robert B. Hill, Esquire<br>3445 Peachtree Road NE,<br>Suite 500<br>Atlanta, GA 30326 |
| Frank E. Noyes, II, Esquire<br>White & Williams, LLP<br>824 N. Market Street, Suite 902<br>Wilmington, DE 19899 | | |

**CHRISSINGER & BAUMBERGER**

/s/David L. Baumberger
David L. Baumberger, Esquire
Attorney I.D. No. 2420
Three Mill Road, Suite 301
Wilmington, DE 19806
(302)777-0100
Attorney for Defendant/Third-Party Plaintiff
 Lighthouse Construction, Inc

Case 1:04-cv-00339-JJF     Document 110     Filed 05/18/2005     Page 6 of 6