**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EBIZA SECURITIES CORP. and MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. and EAST COAST ERECTORS, INC.<br><br>　　　　　　Defendants,<br><br>　　and<br><br>LIGHTHOUSE CONSTRUCTION, INC.,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>EAST COAST ERECTORS, INC.,<br><br>　　　　　　Third-Party Defendant. | Civil Action No. 04-339/04-1322 JJF<br><br>CONSOLIDATED ACTION<br><br>JURY OF TWELVE DEMANDED |

**DEFENDANT EAST COAST ERECTORS, INC.'S ANSWER TO
MILLERS CAPITAL INSURANCE COMPANY'S FIRST AMENDED COMPLAINT**

　　1.　　Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

　　2.　　Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

3. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

4. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

5. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

6. Denied as stated. Admitted only that defendant East Coast Erectors, Inc. is a Delaware corporation engaged in the business of steel erection.

## JURISDICTION AND VENUE

7. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

## FACTS

8. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

9. Denied as stated. Admitted only that answering defendant erected the 1999 building.

10. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

11. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

12. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

13. Denied.

14. Denied.

15. Denied.

16. Denied as stated. Admitted only that a portion of the roof of the 1995 building collapsed on or about February 17, 2003. The balance of the averment is denied.

17. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

18. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

19. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. ALL DEFENDANTS

20. The responses contained in paragraphs 1-19 are incorporated by reference as though fully set forth herein.

21. Denied.

    (a) – (t)   Denied.

22. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

23. Denied.

WHEREFORE, Defendant demands that Judgment be entered in its favor and against all parties.

**COUNT II – NEGLIGENT MISREPRESENTATION**
**PLAINTIFF v. O'DONNELL, NACCARATO & MACINTOSH**

24. The responses contained in paragraphs 1-23 are incorporated by reference as though fully set forth herein.

25. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

26. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

27. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

28. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

29. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

30. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

31. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

32. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

33. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

34. This averment is not directed toward answering defendant thus no response is required. To the extent a response is required, the averment is denied.

WHEREFORE, Defendant demands that Judgment be entered in its favor and against all parties.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

36. Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

37. Plaintiff's claims set forth in its First Amended Complaint are barred by the Delaware Statute of Repose as to all claims including, without limitations, claims asserted with respect to the construction and erection of the 1995 building which is the subject of this action.

### FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff's causes of action are barred in whole or in part by the assumption of a known risk and/or contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff's causes of action are barred by the doctrine of laches, estoppel and waiver.

### SIXTH AFFIRMATIVE DEFENSE

40. If plaintiff sustained the injuries and damages as alleged in their Complaint, said injuries and damages being herein strictly denied, then they were caused by the acts or omissions of entities/individuals over which/whom the answering Defendant had no control or duty to control.

**SEVENTH AFFIRMATIVE DEFENSE**

41.  Plaintiff's claims are barred by the economic loss doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

42.  The roof collapse was caused by an act of God or force majeure.

**NINTH AFFIRMATIVE DEFENSE**

43.  Answering Defendant did not design the structural systems that allegedly caused the roof collapse.

WHEREFORE, Defendant demands that Judgment be entered in its favor and against all parties.

**CROSS-CLAIM AGAINST DEFENDANTS LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC. AND O'DONNELL, NACCARATO & MACINTOSH, INC.**

44.  The answering Defendant denies that it is liable to the Plaintiffs in any respect. However, in the event that the answering Defendant is held liable to the Plaintiffs, then it cross-claims against Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., on the grounds that the conduct of Co-Defendants was the primary cause of the damage sustained by the Plaintiffs and that the answering Defendant, if liable at all, is only secondarily liable. The answering Defendant, East Coast Erectors, Inc., is therefore entitled to indemnification from Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc.

45.  In the event that the answering Defendant is held primarily liable to the Plaintiffs, then the wrongful acts of Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc. are contributing causes of the damages sustained by the Plaintiffs and the answering Defendant is entitled to contribution in any amount

which he may be required to pay to the Plaintiffs as a result of the wrongful acts of Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 *Del. C.* § 6308.

WHEREFORE, the answering Defendant moves that the cause of action be dismissed against it, or in the alternative, that answering Defendant East Coast Erectors, Inc. be indemnified by Co-Defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., together with the costs of this action.

        WETZEL & ASSOCIATES, P.A.

        /s/ Natalie M. Ippolito_____
        Benjamin C. Wetzel, III (I.D. No. 985)
        Natalie M. Ippolito (I.D. No. 3845)
        The Carriage House, Suite 201
        1100 N. Grant Avenue
        Wilmington, DE 19805
        (302) 652-1200
        nippolito@wetzellaw.com

        Robert B. Hill, Admitted Pro Hac Vice
        MCLAIN & MERRITT, P.C.
        3445 Peachtree Road N.E., Suite 500
        Atlanta, GA 30326

        *Attorneys for Defendant East Coast Erectors, Inc.*

Dated:  June 30, 2005

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 30, 2005, I electronically filed Defendant East Coast Erectors, Inc.'s Answer to Plaintiff Millers Capital Insurance Company's First Amended Complaint with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| David J. Baumberger, Esquire<br>Chrissinger & Baumberger<br>Three Mill Road, Suite 301<br>Wilmington, DE 19806 | Frank E. Noyes, II, Esquire<br>White & Williams, LLP<br>PO Box 709<br>Wilmington, DE 19899-0709 |
| James F. Bailey, Jr., Esquire<br>Bailey & Associates<br>Three Mill Road, Suite 306A<br>Wilmington, DE 19806 | Sean J. Bellew, Esquire<br>Cozen O'Connor<br>Chase Manhattan Centre<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801 |

Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, PC
Nemours Building
1007 Orange Street, Suite 205
Wilmington, DE 19801

       I hereby certify that on June 30, 2005 I mailed by United States Postal Service, the document to the following non-registered participants:

| | |
|---|---|
| Victoria K. Petrone, Esquire<br>Tighe, Cottrell & Logan, PA<br>PO Box 1031<br>Wilmington, DE 19899 | Ron L. Pingitore, Esquire<br>White and Williams, LLP<br>1800 One Liberty Place<br>Philadelphia, PA 19103-7395 |
| Steven K. Gerber, Esquire<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 | Dana Ostrovsky, Esquire<br>Cohen, Seglias, Pallas, Greenhall & Furman, P.C.<br>11th Floor, 1515 Market Street<br>Philadelphia, PA 19102 |
| Bruce W. McCullough, Esquire<br>McCullough & McKenty<br>1225 N. King Street, Suite 1100<br>P.O. Box 397<br>Wilmington, DE 19899-0397 | Geoffrey W. Veith, Esquire<br>Rogut McCarthy Troy, LLC<br>One First Avenue – Suite 410<br>Conshohocken, PA 19428 |

                                        WETZEL & ASSOCIATES, P.A.

                                        /s/ Natalie M. Ippolito
                                        Natalie M. Ippolito (I.D. No. 3845)
                                        The Carriage House, Suite 201
                                        1100 N. Grant Avenue
                                        Wilmington, DE 19805
                                        (302) 652-1200
                                        nippolito@wetzellaw.com

Case 1:04-cv-00339-JJF   Document 126   Filed 06/30/2005   Page 9 of 9