UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MILLERS CAPITAL INSURANCE COMPANY, a/s/o DEL-HOMES CATALOG GROUP, LLC,** | : : : : | C.A. No. 04-339-JJF |
| Plaintiff, | : : | JURY TRIAL OF TWELVE DEMANDED |
| v. | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., O'DONNELL, NACCARATO & MACINTOSH, INC., and EAST COAST ERECTORS, INC.,** | : : : : : : | |
| Defendants. | : : | |
| and | : : | |
| **LIGHTHOUSE CONSTRUCTION, INC.,** | : : | |
| Defendant and Third-Party Plaintiff, | : : : | |
| v. | : : | |
| **EAST COAST ERECTORS, INC.,** | : : | |
| Defendant and Third-Party Defendant. | : : : | |

**DEFENDANT/THIRD-PARTY PLAINTIFF LIGHTHOUSE CONSTRUCTION, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

1.      Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

2.      Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

3. Admitted.

4. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

5. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

6. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

## JURISDICTION AND VENUE

7. Admitted.

## FACTS

8. Denied as stated. It is admitted Lighthouse supplied a building to Del Homes.

9. Admitted.

10. No answer is required of Answering Defendant.

11. No answer is required of Answering Defendant.

12. Admitted.

13. Denied as to Answering Defendant.

14. Denied as to Answering Defendant.

15. Denied.

16. It is admitted a portion of the roof collapsed. The remainder is denied.

17. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

18. Answering Defendant is without sufficient knowledge to affirm or deny the averments of this

paragraph.

19.    This paragraph calls for a legal conclusion.

### COUNT I – NEGLIGENCE

#### Plaintiff v. All Defendants

20.    Answering defendant incorporates herein by reference its responses to paragraphs 1 through 19.

21.    Denied.

22    Answering Defendant is without sufficient knowledge to affirm or deny the averments of this paragraph.

23.    Denied.

### COUNT II – BREACH OF CONTRACT

#### Plaintiff v. Defendant Lighthouse Construction

24.    Answering defendant incorporates herein by reference its responses to paragraphs 1 through 23.

25.    It is denied that Answering Defendant retained O'Donnell, Naccarato & McIntosh

26.    No answer required of Answering Defendant.

27.    No answer required of Answering Defendant.

28.    No answer required of Answering Defendant.

29.    No answer required of Answering Defendant.

30.    No answer required of Answering Defendant.

31. No answer required of Answering Defendant.

32. No answer required of Answering Defendant.

33. No answer required of Answering Defendant.

34. No answer required of Answering Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. The plaintiff's amended complaint fails to state a cause of action as to Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are time barred by the contract, statute of repose and or limitations.

### THIRD AFFIRMATIVE DEFENSE

37. Answering Defendant extended no warranties, express or implied, and denies that any warranties were breached.

### FOURTH AFFIRMATIVE DEFENSE

38. The claims asserted by plaintiff were proximately caused by an intervening and/or superceding cause.

### FIFTH AFFIRMATIVE DEFENSE

39. The accident was caused by a sudden emergency not of the Answering Defendant's making.

### SIXTH AFFIRMATIVE DEFENSE

40. The complaint fails to join an indispensable party.

### SEVENTH AFFIRMATIVE DEFENSE

41.   The action is barred by the Doctrine of sophisticated purchasers/employer.

## CROSS CLAIM FOR CONTRIBUTION AGAINST CO-DEFENDANTS

1.   While the answering defendant denies any liability whatsoever, if found liable, the answering defendant is entitled to contribution from each co-defendant for any amount which the answering defendant may be required to pay to plaintiff in accordance with Title 10, Chapter 63 of the Delaware Code.

## CROSS CLAIM FOR INDEMNITY AGAINST EAST COAST ERECTORS, INC. AND O'DONNELL, NACCARTO & MACINTOSH

1.   While the answering defendant denies any liability whatsoever, if found liable, the answering defendant is entitled to contribution from each co-defendant for any amount which the answering defendant may be required to pay to plaintiff in accordance with Title 10, Chapter 63 of the Delaware Code.  In the alternative, answering defendant seeks full indemnification from each co-defendant.

## ANSWER TO ALL CROSS-CLAIMS

1.   Denied.

## ANSWER TO BECKER MORGAN'S CROSS-CLAIM

1.   Admitted.

2.   Admitted.

3.   Denied as stated.

4.   Denied.

**WHEREFORE,** Answering Defendant demands judgment in its favor and dismissal of plaintiff's complaint with costs of this action assessed against the plaintiffs.

                                                CHRISSINGER & BAUMBERGER

                                                /s/David L. Baumberger
                                                DAVID L. BAUMBERGER (#2420)
                                                Three Mill Road, Suite 301
                                                Wilmington, DE  19806
                                                (302) 777-0100
                                                Attorney for Defendant/Third-Party Plaintiff
                                                      Lighthouse Construction, Inc.

DATED:  July 7, 2005