IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/so/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP. and MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC. and O'DONNELL, NACCARATO & MACINTOSH, INC. and EAST COAST ERECTORS, INC.<br><br>　　　　Defendants,<br><br>and<br><br>LIGHTHOUSE CONSTRUCTION, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>v.<br><br>EAST COAST ERECTORS, INC.,<br><br>　　　　Third-Party Defendant. | : Civil Action No. 04-339/04-1322 JJF<br>:<br>:<br>: CONSOLIDATED ACTION<br>:<br>:<br>: JURY OF TWELVE DEMANDED<br>: |

**DEFENDANT AND THIRD-PARTY DEFENDANT
EAST COAST ERECTORS, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT BASED UPON
STATUTE OF REPOSE**

COMES NOW Defendant and Third-Party Defendant East Coast Erectors, Inc. ("ECE") and files this Motion for Partial Summary based upon the statute of repose respectfully showing the Court as follows:

1. East Coast Erectors, Inc. is a Delaware corporation engaged in the business of the construction and erection of improvements to real property as contemplated by *10 Del.C.* § 8127 (a)(4). The building which is the subject of this action was located at 97 Commerce Way, Enterprise Business Park, Dover, Delaware, consisting of a pre-engineered metal building system manufactured by Varco Pruden Building Systems which was constructed in 1995. (The structure is hereinafter called the "1995 Building.")

2. The owner of the 1995 Building, Del Homes Catalog Group, LLC, contracted with an affiliated general contractor named Del Homes, Inc. Del Homes, Inc. subcontracted the supply and construction of the building to J. W. Walker & Sons, Inc. J. W. Walker & Sons, Inc. in turn purchased the pre-engineered metal building system from Varco Pruden Building Systems and subcontracted with ECE to erect the steel structural system.

3. The construction of the 1995 Building was completed during the Fall of 1995 and a final Certificate of Occupancy was issued on December 14, 1995.

4. The completion of the 1995 Building was accomplished on or prior to the issuance of the final Certificate of Occupancy on December 14, 1995 as contemplated by 10 *Del.C.* § 8127(b).

5. After the final completion of the 1995 Building, another building was erected adjacent to the 1995 Building and completed in 1999 (the second building is hereinafter called the "1999 Building"). The 1999 Building was also owned by Del Homes Catalog Group, LLC which contracted with Lighthouse Construction, Inc., as general contractor for the design and construction of the building. Lighthouse Construction, Inc.

subcontracted with ECE for the design, supply and erection of structural steel materials for the 1999 Building. The 1999 Building was completed and the final Certificate of Occupancy issued therefor on December 2, 1999.

6. Because the 1999 Building constructed adjacent to the 1995 Building was approximately five to six feet higher at one location than the 1995 Building, the potential for snow drift onto the lower 1995 Building roof was considered in the planning, development and construction of the building. Plaintiff's action herein is based upon alleged negligence and related causes arising out of the work performed in 1999 to reinforce the 1995 Building for potential snow drift.

7. During the course of discovery and pleadings asserted in this action, no direct claims were alleged against ECE with respect to the erection of the 1995 Building. However, during the deposition of the plaintiff's principal liability expert, Mr. Charles Timbie, P.E., a licensed structural engineer, whose report was issued on July 8, 2005 and whose deposition was taken on August 4, 2005 (Plaintiff's liability expert is hereafter referred to as "Mr. Timbie"), Mr. Timbie testified that in his opinion the entire warehouse would not have collapsed if certain bracing had been installed in 1995.

8. Mr. Timbie did not expressly complain of any work done concerning the 1995 Building in his Rule 26 expert report, but at his deposition he was critical of the omission of certain "flange braces" located at the connection of the primary structural rafters to the supporting interior columns of the 1995 Building.

9. Although there is a factual dispute as to whether the flange braces were necessary or required to be installed in the 1995 Building, there is no controversy or factual

issue that the installation or omission of flange braces in the 1995 Building was a part of the construction and erection of the 1995 Building which was completed prior to December 14, 1995.

10. Mr. Timbie, on behalf of plaintiffs, has offered testimony that the collapse of the 1995 Building began in certain steel bar joists on the eastern edge of the 1995 Building, but progressed beyond the first interior row of columns because of the missing flange braces at the rafter to interior column connections. Mr. Timbie testified that in his opinion the entire warehouse portion of the 1995 Building would not have collapsed had the flange braces been installed. ECE interprets this testimony as a claim that the omission of the flange braces in 1995 was a contributing cause of the collapse of the warehouse section of the 1995 Building.

11. Any claims, actions or causes of action, or claims for contribution or indemnity that the construction or erection of the 1995 Building caused or contributed to the damages sustained by plaintiffs in this action, or any cross-claimants in this action, are barred by the statute of repose. 10 *Del. C.* § 8127.

12. ECE relies on and incorporates herein by reference its Brief of Law in Support of East Coast Erectors, Inc.'s Motion for Partial Summary Judgment based upon the Statute of Repose and its Appendix in support thereof concurrently filed with and in support of this Motion.

WHEREFORE, there being no genuine issue of material fact, ECE respectfully moves this Court to grant summary judgment as to any claims, allegations or averments of plaintiffs, third-party plaintiffs, or defendants in cross-claim arising out of the construction

and erection of the 1995 Building, including, but not limited to, the omission or alleged failure to install flange braces in the 1995 Building, or for any other reason associated with the construction thereof.

This 17th day of August, 2005.

Respectfully submitted,

/s/ Natalie M. Ippolito
WETZEL & ASSOCIATES, P.C.
Benjamin C. Wetzel III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

McLAIN & MERRITT, P.C.

/s/ Robert B. Hill
Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, Suite 500
Atlanta, GA 30326
(404) 266-9171

Attorneys for Third Party Defendant
East Coast Erectors, Inc.

19485\motions and orders\msj

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2005, I electronically filed the within Motion for Summary Judgment and Opening Brief and Appendix in Support of Defendant East Coast Erectors, Inc.'s Motion for Summary Judgment with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David J. Baumberber, Esquire
Chrissinger & Baumberger
Three Mill Road, Suite 301
Wilmington, DE 19806

James F. Bailey, Jr., Esquire
Bailey & Associates
Three Mill Road, Suite 306A
Wilmington, DE 19806

Frank E. Noyes, II, Esquire
White & Williams, LLP
PO Box 709
Wilmington, DE 19899-0709

Sean J. Bellew, Esquire
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, PC
Nemours Building
1007 Orange Street, Suite 205
Wilmington, DE 19801

I hereby certify that on August 17, 2005, I mailed by United States Postal Service, the documents to the following non-registered participants:

Victoria K. Petrone, Esquire
Tighe, Cottrell & Logan, PA
PO Box 1031
Wilmington, DE 19899

Steven K. Gerber, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Bruce W. McCullough, Esquire
McCullough & McKenty
1225 N. King Street, Suite 1100
PO Box 397
Wilmington, DE 19899

Ron L. Pingitore, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103

Dana Ostrovsky, Esquire
Coghen, Seglias, Pallas, Greenhall & Furman, PC
11th Floor, 1515 Market Street
Philadelphia, PA 19102

Geoffrey W. Veith, Esquire
Rogut McCarthy Troy, LLC
One First Avenue - Suite 410
Conshohocken, PA 19428

WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com