## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP. | : : : : | CIVIL ACTION NO. 04-339 JJF |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| vs. | : : : | |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. | : : : : : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC | : : : | CIVIL ACTION NO. 04-1322 JJF |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| vs. | : : : | |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. | : : : : : | |
| Defendants, | : : | |
| and | : : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : : : | |
| Defendant and Third-Party Plaintiff, | : : : : | |
| vs. | : : : | |
| EAST COAST ERECTORS, INC., | : : : | |
| Third-Party Defendant. | : | |

## ANSWER OF BECKER MORGAN GROUP, INC. TO MILLERS FIRST AMENDED COMPLAINT, CROSS CLAIMS AND ANSWER TO ALL CROSS CLAIMS

1. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted only that Becker Morgan Group, Inc. is a Maryland corporation. All other allegations are denied.

5. Admitted upon information and belief.

6. Admitted upon information and belief.

7. The allegations in this paragraph contain conclusions of law to which no further response is necessary.

8. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

9. Admitted upon information and belief.

10. Admitted that answering defendant contracted with Lighthouse Construction to perform civil engineering and limited architectural design for the 1999 building. All other allegations are denied.

11. Admitted upon information and belief.

12. No response is necessary. The document speaks for itself.

13. Denied as to answering defendant.

14. Denied as to answering defendant.

15. Denied as to answering defendant. It is affirmatively asserted that answering

defendant did not perform the structural design or construction of either building.

16. Denied as to answering defendant.

17. Denied.

18. Answering defendant lacks sufficient information to affirm or deny the allegations contained in this paragraph, therefore denies same.

19. The allegations in this paragraph contain conclusions of law to which no further response is necessary and the contract shall speak for itself. To the extent that the paragraph refers to answering defendant, all such allegations are denied.

## COUNT I

20. The answers to paragraphs 1 through 19 are incorporated herein by reference.

21. Denied as to answering defendant. Subparagraphs (a) through (t) are denied as to answering defendant.

22. Denied.

23. Denied.

## COUNT II

24. The answers to paragraphs 1 through 23 are incorporated herein by reference.

25. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

26. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

27. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

28. The allegations contained in this paragraphs are not directed to answering

defendant. To the extent the allegations refer to answering defendant, they are denied.

29. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

30. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

31. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

32. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

33. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

34. The allegations contained in this paragraphs are not directed to answering defendant. To the extent the allegations refer to answering defendant, they are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are time barred by the contract, by the applicable statutes of limitation and/or repose and the doctrines of waiver and estoppel.

3. Answering defendant was not involved with the design or construction of the 1995 building and did not perform the structural design or construction of the 1999 building and, therefore, is not liable to plaintiff.

4. Plaintiff's claims are barred by the economic loss doctrine.

5. Although answering defendant denies all liability, any liability is limited pursuant to its contracts with co-defendant Lighthouse Construction.

## CROSS CLAIM AGAINST LIGHTHOUSE CONSTRUCTION, INC.

1. Answering defendant Becker Morgan Group, Inc. ("BMG") contracted with Lighthouse Construction, Inc. ("Lighthouse") for the performance of civil engineering services for the Enterprise Business Park.

2. The Contracts between BMG and Lighthouse are dated June 1, 1998, March 8, 1999 and April 19, 1999 ("Contracts").

3. The Contracts include a provision whereby Lighthouse agreed to defend, indemnify and hold harmless BMG from any claim or suit.

4. BMG is entitled to indemnification by Lighthouse.

## CROSS CLAIM AGAINST ALL DEFENDANTS AND THIRD PARTY DEFENDANT

Becker Morgan Group, Inc. denies that it is liable for any of the claims in this action. However, in the event that a judgment should be rendered against Becker Morgan Group, Inc., then a cross claim for contribution, indemnification, and a pro rata determination of the respective shares of liability is hereby asserted against each and every co-defendant and/or third-party defendant.

## ANSWER TO ALL CROSS CLAIMS

Any and all cross claims of codefendants and/or third-party defendant are denied.

                                    TIGHE, COTTRELL & LOGAN, P.A.

                                    /s/ Victoria K. Petrone
                                    Paul Cottrell, Esquire
                                    Delaware  I.D. # 2391
                                    Victoria K. Petrone, Esquire
                                    Delaware  I.D. #4210
                                    First Federal Plaza, Suite 500
                                    P.O. Box 1031
                                    Wilmington, Delaware 19899
                                    (302) 658-6400
                                    p.cottrell@lawtcl.com
                                    v.petrone@lawtcl.com

Dated: August 23, 2005