IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP., :<br><br>    Plaintiff,<br><br>    v.<br><br>LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC.,<br><br>    Defendants. | **CONSOLIDATED**<br>Civil Action No. 04-339-JJF |
| MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC.,<br><br>    Defendants.<br><br>    and<br><br>LIGHTHOUSE CONSTRUCTION, INC.,<br><br>    Defendant and<br>    Third-Party<br>    Plaintiff,<br><br>    v.<br><br>EAST COAST ERECTORS, INC.,<br><br>    Third-Party<br>    Defendant. | Civil Action No. 04-1322-JJF |

Sean J. Bellew, Esquire and David A. Felice, Esquire of COZEN & O'CONNOR, Wilmington, Delaware.
<u>Of Counsel</u>: Steven K. Gerber, Esquire of COZEN & O'CONNOR, Philadelphia, Pennsylvania.
Attorneys for Plaintiff, Federal Insurance Company a/s/o Eziba.Com, Inc./Avacet, Inc., Eziba Securities Corp.

David L. Baumberger, Esquire of CHRISSINGER & BAUMBERGER, Wilmington, Delaware.
Attorneys for Defendant/Third-Party Plaintiff, Lighthouse Construction, Inc.

Benjamin C. Wetzel, Esquire and Natalie M. Ippolito, Esquire of WETZEL & ASSOCIATES, P.A., Wilmington, Delaware.
<u>Of Counsel</u>: Robert B. Hill, Esquire of MCLAIN & MERRITT, P.C., Atlanta, Georgia.
Attorneys for Third-Party Defendant, East Coast Erectors, Inc.

**MEMORANDUM OPINION**

August 30, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For Leave To File Third-Party Complaint Limited To Federal Insurance V. Lighthouse, Et. Al. (D.I. 101) filed by Lighthouse Construction, Inc. ("Lighthouse") and a Motion For Leave To File Rule 14(a) Claim Against Third-Party Defendant East Coast Erectors, Inc. (D.I. 73) filed by Federal Insurance Company a/s/o Eziba.Com, Inc./Avacet, Inc., Eziba Securities Corp. ("Federal"). For the reasons discussed, Lighthouse's Motion will be granted and Federal's Motion will be denied.

## BACKGROUND

Federal filed a Complaint against Lighthouse and others in connection with the February 17, 2003 collapse of a roof on a building constructed in 1995 (the "1995 building") and owned by Del-Homes Catalog Group ("Del-Homes"). The 1995 building was adjacent to a building erected in 1999 by Del-Homes through its designers and engineers, Lighthouse, Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc. The 1995 building was leased to Client Logic. Eziba.Com, Inc./Avacet, Inc., and Eziba Securities Corp. ("Eziba") contracted with Client Logic to provide fulfillment and distribution services in connection with Eziba's business. Eziba warehoused business personal property in the 1995 building, and Federal provided Eziba with insurance coverage.

1

When the roof of the 1995 building collapsed due to a substantial amount of snow, Federal made payments to its insured, Eziba, in the amount of $1,055,090 less a salvage recovery of $63,010. Federal brought this subrogation action against Lighthouse and others alleging claims based on negligence.

A second action was also brought by Millers Capital Insurance Company, a/s/o Del. Homes Group, Inc. ("Millers Capital") against the same Defendants based on the same roof collapse. Miller Capital Ins. v. Lighthouse, et al., C.A. No. 04-1322-JJF (the "Miller lawsuit"). As a third-party plaintiff in the Miller lawsuit, Lighthouse brought claims against East Coast Erectors, Inc. ("East Coast") as a third-party defendant, for contribution and indemnification. The parties to these actions agreed that the two actions should be consolidated.

## DISCUSSION

I. **Lighthouse's Motion For Leave To File Third-Party Complaint Limited To Federal Insurance V. Lighthouse, Et. Al.**

Pursuant to Federal Rule of Civil Procedure 14, Lighthouse requests the Court to add East Coast as a third-party defendant in Federal Ins. Co. v. Lighthouse, et al., C.A. No. 04-339 (the "Federal lawsuit"). Lighthouse contends that its request will properly align the parties in both actions and bring an indispensable party into the matter, since East Coast is already a third-party defendant in the Miller lawsuit. By its Third-Party Complaint, Lighthouse raises claims based on common law

2

contribution and indemnification, as well as contractual indemnification.

In response, East Coast raises no objection to Lighthouse's assertion of common law claims of contribution and indemnification. However, East Coast contends that Lighthouse should not be permitted to add its claim of contractual indemnification, because no signed contract was ever executed between the parties which would provide for an express contract of indemnification.

At this juncture, the Court concludes that Lighthouse should be permitted to include in its Third-Party Complaint a claim against East Coast based on contractual indemnification. Although it is unclear whether Lighthouse will ultimately be able to sustain its claim based on contractual indemnification, there are cases and legal sources suggesting that a contract need not be signed to be enforceable, if the parties have manifested an intent to form a contract or if partial performance has occurred under the unsigned contract.[1] See e.g. Roberts & Schaefer Co. v.

---

[1] See Taylor v. Jones, 2002 WL 31926612, *4 (Del. Ch. 2002) (recognizing that "[p]art performance by a party is regarded as substantial evidence that a contract was in fact made, thereby rendering the policy underlying the Statute of Frauds inapplicable"); see also Colonia Insurance, A.G. v. D.B.G. Property Corp., 1992 WL 204376, *8 (S.D.N.Y. Aug. 10, 1992) (recognizing under New York law that unsigned written agreement maybe enforceable, despite statute of frauds, if there was part performance under the contract and the performance was "unequivocally referable" to the alleged contract); 17A Am. Jur. 2d Contracts § 173 (recognizing circumstances where parties can

Merit Contracting, Inc., 99 F.3d 248 (7th Cir. 1996) (recognizing that an offeree can manifest acceptance of an offer by performing in accordance with the contract); Hamilton Foundry & Machine Co. v. International Molders & Foundry Workers Union of North America, 193 F.2d 209, 213-214 (6th Cir. 1952) (recognizing that "if the party sought to be charged intended to close a contract prior to the formal signing of a written draft, and such written draft is viewed by the parties as a convenient method of their previous contract, he will be bound by the contract actually made though the signing of the written draft may be omitted"). Accordingly, the Court will permit Lighthouse to assert its Third-Party Complaint against East Coast, including its claim based on contractual indemnification.

**II.   Federal's Motion For Leave To File Rule 14(a) Claim Against Third-Party Defendant East Coast Erectors, Inc.**

By its Motion, Federal requests leave to file a Rule 14(a) claim against East Coast.  In support of its Motion, Federal contends that East Coast has been a party to this action since having been joined by Lighthouse on theories of contribution and negligence.  Thus, Federal maintains that East Coast will not be prejudiced if the Court grants its Motion.

In response, East Coast points out that at the time Federal filed its Motion, it was not a party to the Federal lawsuit, but

---

be bound to unsigned contract); 17 C.J.S. Contracts § 75 (same).

4

only a party in the <u>Miller</u> lawsuit.[2]  East Coast also contends that Federal cannot bring a claim against it, because any such claim would be barred by the statute of limitations.

In pertinent part, Rule 14(a) provides:

> The plaintiff may assert any claim against a third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13.

Fed. R. Civ. P. 14(a).  Courts interpreting Rule 14(a) have not permitted the rule to be used to add a claim which is barred by the applicable statute of limitations.  <u>See</u> <u>e.g.</u> <u>Dysart v. Marriot Corp.</u>, 103 F.R.D. 15, 18 (E.D. Pa. 1984) (permitting plaintiff to file a claim against third-party defendant under Rule 14(a) "at any time before the statute of limitations has run"); <u>Carroll v. USA</u>, 149 F.R.D. 524, 527 (W.D. La. 1993) (holding that Rule 14(a) "does not envision the revival of an action barred by the statute of limitations").  In this case, Federal's claim arose from the partial roof collapse on February 17, 2003.  The applicable statute of limitations for this action is two years as provided in 10 Del. C. § 8107.  However, Federal

---

[2]  In Section I of this Memorandum Opinion, the Court granted Lighthouse's motion to file a Third-Party Complaint against East Coast in the <u>Federal</u> lawsuit, and therefore, the Court concludes that East Coast's first argument is not a valid basis for opposing Federal's Motion.

5

did not file its Motion For Leave To File Rule 14(a) Claim Against East Coast until March 8, 2005, shortly after the expiration of the two-year limitations period. Federal has not made any argument that the statute of limitations should be tolled[3], and therefore, the Court concludes that Federal's claim against East Coast is barred by the statute of limitations.

Although Federal does not assert Federal Rule of Civil Procedure 15 as a basis for its Motion, courts have analyzed motions brought under Rule 14(a) as requests to amend pursuant to the relation back principles contained in Rule 15(c). However, even if the Court analyzes Federal's claim under Rule 15(c), the Court concludes that Federal is not entitled to amend its Complaint to add a claim against East Coast. In pertinent part, Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> <u>(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is</u>

---

[3] The Court notes that Federal has not filed a Reply Brief in support of its Motion.

6

>           <u>satisfied and,</u> within the period provided by
>           Rule 4(m) for service of the summons and
>           complaint, the party to be brought in by
>           amendment (A) has received such notice of the
>           institution of the action that the party will
>           not be prejudiced in maintaining a defense on
>           the merits<u>, and (B) knew or should have known
>           that, but for a mistake concerning the
>           identity of the proper party, the action
>           would have been brought against the party.</u>

Fed. R. Civ. P. 15(c) (emphasis added). In this case, the Court concludes that Federal has not satisfied the requirements of Rule 15(c)(3) to add a claim against East Coast, a party that was not previously named by Federal in its original Complaint. Although the claim against East Coast arises out of the same transaction or occurrence as the original Complaint, Federal has not demonstrated a mistake concerning the identity of the proper party such that East Coast knew or should have known that, but for the mistake, the action would have been brought against it. <u>Great Northeastern Lumber & Millwork Corp. v. Pepsi-Cola Metropolitan Bottling Co., Inc.</u>, 785 F. Supp. 514 (E.D. Pa. 1992) (holding that "an amendment [to add an additional party] should relate back only where there has been an error made concerning the identity of the proper party"). Because the Court concludes that Federal's claim against East Coast is barred by the statute of limitations and Federal has not demonstrated that its claim relates back to the original filing date of its Complaint, the Court will deny Federal's request for leave to file a claim against East Coast.

7

## CONCLUSION

For the reasons discussed, the Court will grant Lighthouse's Motion For Leave To File Third-Party Complaint Limited To Federal Insurance V. Lighthouse, Et. Al. and deny the Motion For Leave To File Rule 14(a) Claim Against Third-Party Defendant East Coast Erectors, Inc. filed by Federal.

An appropriate Order will be entered.