**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EZIBA SECURITIES CORP., | : : : : | |
| Plaintiff, | : : | C.A. No. 04-339 (JJF) |
| v. | : : | JURY TRIAL DEMANDED |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC., | : : : : : | |
| Defendants. | : | |
| MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG, LLC, | : : : | |
| Plaintiff, | : : | C.A. No. 04-1322 (JJF) |
| v. | : : | JURY TRIAL DEMANDED |
| LIGHTHOUSE CONSTRUCTION INC., BECKER MORGAN GROUP, INC., and O'CONNELL, NACCARATO & MACINTOSH, INC., | : : : : | |
| Defendants, | : : | |
| v. | : : | |
| LIGHTHOUSE CONSTRUCTION, INC., | : : | |
| Defendant & Third-party Plaintiff, | : : | |
| v. | : : | |
| EAST COAST ERECTORS, INC., | : : | |
| Third-Party Defendant. | : | |

## **MOTION FOR RECONSIDERATION**

Plaintiff, Federal Insurance Company ("Federal"), hereby moves for reconsideration of the Court's Order of August 30, 2005 denying Federal's Motion for Leave to File a Rule 14(a) Claim Against Third-Party Defendant East Coast Erectors, Inc. ("ECE".)

Rule 14(a) permits plaintiffs to sue persons joined as third-party defendants provided that the claim arises out of the same transaction or occurrence as the original claims against the defendants. United States ex rel. S. Prawer & Co. v. Fleet Bank of Maine, 24 F.3d 320, 328 (1st Cir. 1994) (Rule 14(a) requires that a plaintiff's claim against a third-party defendant arise from the same transaction or occurrence as the claim against the original defendant). In this case, Federal's claim against ECE arises from the same transaction or occurrence as Federal's claims against the original defendants, Lighthouse Construction, Inc., Becker Morgan Group, Inc., and O'Donnell, Naccarato & Macintosh.

The language of Rule 14(a) makes clear that the actual assertion of a direct claim is discretionary. See Project Hope v. M/V Ibn Sina, 250 F.3d 67 (2nd Cir. 2001) (if a third-party defendant "is effectively on notice that it will be held liable on the plaintiff's claims and the two proceed against one another in an adverse manner," a plaintiff need not formally amend its complaint to include causes of action against the impleded party). In this case, ECE and Federal have proceeded against one another in an adverse manner throughout this litigation, including during all the discovery. For example, ECE noticed and conducted the deposition of Federal's damages expert, Mark Zimmerman. See also, Atchison, Topeka & Santa Fe Railway Co. v. Hercules, Inc., 146 F.3d 1071, 1073 (9th Cir. 1998) ("Rule 14 makes claims by a plaintiff against a third-party defendant permissive, not compulsory"). Likewise, in Wasik v. Borg, 423 F.2d 44 (2nd Cir. 1970), the Court of Appeals upheld the jury verdict wherein the third-party defendant was found directly liable to the plaintiff for plaintiff's injuries even though the plaintiff had never asserted a direct claim against the third-party defendant. In upholding the jury's verdict, the Court noted that "it would . . . have been better if [the plaintiff] had amended its complaint to include a claim against the third-party defendant." Id. at 46. Here, Federal, seeking to follow the

guidance of the Second Circuit in <u>Wasik v. Borg</u>, merely seeks to have the pleadings formally reflect the conduct of the proceedings – Federal is adverse to ECE.

The Court's statute of limitations analysis is respectfully misplaced. Generally, court's permit assertion of impleded claims unless they are raised so late in a pending suit that they are unreasonably prejudicial. <u>See</u>, <u>e.g.</u>, <u>New York v. Solvent Chemical Co.</u>, 875 F.Supp. 1015 (W.D.N.Y. 1995) (impleder allowed more than 10 years after original complaint was filed; case was still in discovery, and third-party defendant still had good opportunity to prepare case). Here, ECE has suffered no prejudice whatsoever, as it has long been part of this consolidated action and has, in essence, led the defendants' group defense against all plaintiffs, including Federal. The situation presented is distinct from <u>Carroll v. United States</u>, 149 F.R.D. 524 (W.D.La. 1993), wherein the plaintiff had initially sued the United States of America, but that claim was dismissed pursuant to the Federal Tort Claims Act. The plaintiff then sought to join the previously dismissed United States of America as a party through Rule 14(a). The Court refused to permit the joinder of the United States where the United States had been previously dismissed. Here, as the Second Circuit suggested should have been done in <u>Wasik v. Borg</u>, Federal seeks only to have the pleadings formally reflect that Federal is adverse to ECE, which is already a party to the case. Federal is not seeking to add a new party or a previously dismissed party.

<u>Dysart v. Marriott Corp.</u>, 103 F.R.D. 15 (E.D.Pa. 1984), is also distinct, as there the issue presented was whether a plaintiff could assert a direct claim against a third-party defendant without leave of court. In finding that the plaintiff sought to assert the direct claim before the statute of limitations had expired, the Court held that the plaintiff did not need leave of court. The Court did not address whether the plaintiff could assert a direct claim against the third-party defendant with leave of court after the statute of limitations had expired. Here, Federal

respectfully seeks leave of this Court, pursuant to Rule 14(a) to assert a direct claim against ECE, which is already a party and which has proceeded against Federal in an adverse manner throughout the pendency of this litigation.

Accordingly, Federal hereby respectfully requests the Court reconsider its denial of Federal's Motion for Leave to File a Rule 14(a) Claim Against Third-Party Defendant East Coast Erectors, Inc.

        Respectfully Submitted,
        COZEN O'CONNOR

        */s/ Sean J. Bellew*
        Sean J. Bellew (#4072)
        Chase Manhattan Centre
        1201 North Market Street, Suite 1400
        Wilmington, DE 19801
        Telephone: (302) 295-2000
        sbellew@cozen.com

Of Counsel:
Steven K. Gerber
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2088
sgerber@cozen.com         *Attorneys for Plaintiff, Federal Insurance Co.*