**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EBIZA SECURITIES CORP. and MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC, | Civil Action No. 04-339/04-1322 JJF |
| Plaintiffs, | CONSOLIDATED ACTION |
| v. | JURY OF TWELVE DEMANDED |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. and EAST COAST ERECTORS, INC. | |
| Defendants, | |
| and | |
| LIGHTHOUSE CONSTRUCTION, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| EAST COAST ERECTORS, INC., | |
| Third-Party Defendant. | |

**DEFENDANT/THIRD-PARTY DEFENDANT EAST COAST ERECTORS, INC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED UPON THE STATUTE OF REPOSE**

COMES NOW Defendant and Third-Party Defendant East Coast Erectors, Inc. ("ECE") and files this Reply Brief in Support of its Motion for Partial Summary Judgment based upon the statute of repose respectfully showing the Court as follows:

**McLAIN & MERRITT, P.C.**
Robert B. Hill, Pro Hac Vice
3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171

**WETZEL & ASSOCIATES, P.A.**
Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200

*Attorneys for Defendant and Third-Party Defendant East Coast Erectors, Inc.*

Dated: September 7, 2005

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES........................................................................ ii

STATEMENT OF FACTS..........................................................................1

ARGUMENT..................................................................................................3

CONCLUSION...............................................................................................7

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Windley v. Potts Welding & Boiler Repair, Co., Inc.*, 888 F. Supp. 610 (D. Del. 1995) ....................3

**STATE CASES**

*Dover. Int'l Tel. & Tel. Corp.*, 514 A.2d 1086, 1089 (Del. 1986)....................5

*Padilla v. R&R Drywall, Inc.*, 1997 Del. Super. LEXIS 242....................3

*McConaghie v. Wakefern Food Corp.*, 2004 Del. Super. LEXIS 165....................4

**STATUTES AND RULES**

10 *Del. C.* § 8127....................3

**STATEMENT OF FACTS**

ECE incorporates by reference the statement of facts contained in its Opening Brief. In addition, ECE submits the following.

1. ECE is not a structural engineer or a design professional. ECE fulfilled its requirement for structural design of the 1999 building, including the evaluation and design of the Roof Step reinforcement, by engaging O'Donnell, Naccarato & MacIntosh, Inc. ("ONM"), a licensed structural engineering firm. Lighthouse was aware of and agreed to the hiring of ONM. (Exhibit A, MacLeish dep. pp.389-392; Appendix C1-C6)

2. This is a tort case. Neither plaintiffs nor third-party plaintiff has alleged that ECE did not fulfill its responsibility to contract a licensed structural engineer. Lighthouse was satisfied with ECE's engagement of ONM. ECE is not responsible for the negligent conduct of an independent contractor not subject to its control, particularly a licensed structural engineer.

3. Mr. Timbie does not offer any opinion in his expert report that ECE contributed to the cause of the collapse. (Appendix to Opening Brief, A81-A101; Appendix to Answering Brief, B33-B48) His entire report is directed towards ONM. It was not until his deposition that Mr. Timbie attributed any fault to ECE. According to Mr. Timbie, ECE's fault lies primarily with respect to the omission of the flange braces. Mr. Timbie also finds fault with ECE's transmittal of 1995 erection drawings to Joe Anastasi at ONM with a cover sheet stating, "as-built." This transmittal sheet notwithstanding, Mr. Anastasi did not rely on the erection drawings provided to ONM by ECE as "as-built" drawings. He knew they were erection drawings, and reviewed them "just to get a feel for the building." (Exhibit B, Anastasi dep. pp. 220-223, C7-C12)

Timbie agreed that other than the transmittal sheet, the erection drawings themselves were not marked to show as-built conditions. (Exhibit C, Timbie dep. pp. 51-53, C15-C17)

4. Lighthouse, the general contractor, was responsible for securing sealed construction drawings and site permits. (C18-C19)

## ARGUMENT

### I. ALL CLAIMS RELATING TO ECE'S WORK IN 1995 ARE BARRED BY THE STATUTE OF REPOSE AS A MATTER OF LAW.

The statue of repose does not simply bar relief, "it extinguishes the existence of the substantive right." *Padilla v. R&R Drywall, Inc.*, 1997 Del. Super. LEXIS 242, *7. (Exhibit D, C20-C22) The statute of repose begins to run at the earliest of eight dates. *See Windley v. Potts Welding & Boiler Repair, Co., Inc.*, 888 F. Supp. 610, 613 (D. Del. 1995), *aff'd*, 96. F.3d 1437 (3d Cir. 1996) (emphasis added). Additionally, § 8127(c) provides, "Nothing in this section shall extend or lengthen, nor shall anything in this section be construed or interpreted as extending or lengthening, the period otherwise prescribed by the laws of this State for the bringing of any action covered by this section."

The statutory language clearly provides that claims are extinguished at the earliest possible date and cannot be extended or revived. Contrary to plaintiff's argument, all claims arising from work performed by ECE in 1995 are barred. Neither third-party plaintiff Lighthouse nor defendant Becker Morgan Group, which both have claims against ECE, have opposed ECE's motion for partial summary judgment based on the statute of repose. Consequently, the only claim that plaintiffs, third-party plaintiffs and co-defendants can make with respect to work ECE performed on the 1995 building is for work that was performed in 1999.

### II. CLAIMS BARRED BY THE STATUTE OF REPOSE CANNOT BE RESTORED OR REVIVED.

Plaintiffs do not dispute that 8 *Del. C.* § 8127 applies to this claim with respect to the 1995 construction. The only issue is whether any claims arising from ECE's construction of the 1995 building in 1995 can be restored or revived. ECE maintains that they cannot. Plaintiffs

cite *McConaghie v. Wakefern Food Corp.*, 2004 Del. Super. LEXIS 165 (Exhibit E, C23-C24), to support their contention that ECE's liability for work performed in 1995 can be restored; however, plaintiffs' reliance on *McConaghie* is misplaced. In *McConaghie*, the plaintiff was injured before the expiration of the statue of repose; however, the statute expired before suit was filed. The Court found that plaintiff's claim against defendant contractor was time-barred pursuant to § 8127. The Court stated that, unless defendant contractor performed additional work on the premises, no claim could be brought against it. The implication is that any claim against defendant contractor would be based on additional work performed; the Court does not state that additional work performed would revive claims already barred.

Plaintiffs have not cited any law supporting their contention that "performing substantial work on a premises after original construction and within six years of Plaintiffs' actions" restores potential liability for that original construction. Even if this argument was legally supportable, ECE did not perform "substantial work" on the 1995 building in 1999. ECE's work on the 1995 building in 1999 was limited to installing the reinforcement steel designed by ONM at the Roof Step.

Notwithstanding the absence of any law supporting plaintiffs' position, plaintiffs next argue ECE's liability for construction that was completed nearly eight years before suit was filed in this action was restored for the following reasons: 1) failure to disclose omission of flange braces; 2) transmitting 1995 erection drawings with a cover sheet stating, "as-built;" and 3) failure to secure sealed construction drawings. Plaintiffs' argument is not supported by the law or the facts and must fail.

First, plaintiffs presuppose that the flange braces were improperly omitted. To the contrary, the omission of the flange braces was authorized by Varco Pruden ("VP"), the 1995

building manufacturer. Plaintiffs have mischaracterized Michael Williams' testimony on this issue. VP did not ship the number of flange braces depicted on the erection drawings. ECE notified J. W. Walker of the discrepancy, and was told the flange braces at the interior columns "were not necessary due to a stiffener added to the girder beam at every interior column." (Appendix to Opening Brief, A17-A19.) Further evidence of VP's omission of the flange braces is that VP made no provision during fabrication for attachment of the flange braces at the interior column locations. (Exhibit F, Williams dep., pp. 184-186, C27-C29) Factual discovery is closed, and no record evidence contradicts ECE's testimony on this issue. ECE properly constructed the 1995 building according to VP's instructions; as a result, there was nothing to disclose. Furthermore, the absence of the flange braces would have been readily apparent had ONM visited the 1995 building.

Second, Mr. Anastasi did not rely on the erection drawings provided to ONM by ECE as "as-built" drawings. He knew they were erection drawings, and reviewed them "just to get a feel for the building." Even Mr. Timbie agreed that other than the transmittal sheet, the erection drawings themselves were not marked to show as-built conditions.

Third, ECE was not responsible for securing permits or obtaining sealed construction drawings. That was the responsibility of Lighthouse, the general contractor.

Finally, plaintiffs argue that ECE had a duty to "structurally evaluate" the 1995 building in 1999. ECE is an erection contractor, not a structural engineer. ECE fulfilled any obligations relating to design by contracting with ONM, a licensed structural engineering firm. ECE had no responsibility for the actual design. Lighthouse expected ECE to hire a structural engineer to perform this work and accepted ECE's hiring of ONM. From that point forward, ECE's sole

responsibility was to fabricate and erect the structural steel for the 1999 building, and to install the reinforcement steel at the Roof Step according to ONM's design.

"The passing of the six-year period deprives the injured party of a legal right to redress." *Dover. Int'l Tel. & Tel. Corp.*, 514 A.2d 1086, 1089 (Del. 1986) (citations omitted). Here, the six year limitations period for ECE's construction of the 1995 building expired in 2001. Consequently, as a matter of law, all claims against ECE arising from the construction of the 1995 building are barred by the statute of repose.

**CONCLUSION**

For the reasons set forth herein, and for the reasons set forth in the Defendant and Third-Party Defendant ECE's Opening Brief, ECE's Motion for Partial Summary Judgment must be granted; all claims, cross claims, third-party claims or other actions seeking damages, contribution or indemnity against East Coast Erectors, Inc. arising out of its construction services performed in 1995 on the 1995 Building are barred by Delaware Builder's Statute of Repose, 10 *Del. C.* § 8127.

Respectfully submitted,

WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito
Benjamin C. Wetzel, III (I.D. No. 985)
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com

Robert B. Hill, Admitted Pro Hac Vice
MCLAIN & MERRITT, P.C.
3445 Peachtree Road N.E., Suite 500
Atlanta, GA 30326

*Attorneys for Defendant East Coast Erectors, Inc.*

Dated: September 7, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EBIZA SECURITIES CORP. and MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC,

Plaintiffs,

v.

LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. and EAST COAST ERECTORS, INC.

Defendants,

and

LIGHTHOUSE CONSTRUCTION, INC.,

Third-Party Plaintiff,

v.

EAST COAST ERECTORS, INC.,

Third-Party Defendant.

Civil Action No. 04-339/04-1322 JJF

CONSOLIDATED ACTION

JURY OF TWELVE DEMANDED

**ORDER**

**AND NOW,** this ________ day of ____________, 2005, upon consideration of Defendant/Third-Party Defendant East Coast Erectors, Inc.'s Motion for Partial Summary Judgment on the Statute of Repose, and any opposition thereto,

**IT IS HEREBY ORDERED** that Defendant/Third-Party Defendant East Coast Erectors, Inc.'s Motion for Partial Summary Judgment on the Statute of Repose is GRANTED. All claims, cross claims, third-party claims or other actions seeking damages, contribution or indemnity against East Coast Erectors, Inc. arising out of its construction services performed in 1995 on the 1995 Building are barred by Delaware Builder's Statute of Repose, 10 *Del. C.* § 8127.

________________________________
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2005, I electronically filed the within **Reply Brief and Appendix in Support of Defendant/Third-Party Defendant East Coast Erectors, Inc.'s Motion for Partial Summary Judgment Based Upon the Statute of Repose** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David L. Baumberger, Esquire
Chrissinger & Baumberger
Three Mill Road, Suite 301
Wilmington, DE 19806

Frank E. Noyes, II, Esquire
White & Williams, LLP
PO Box 709
Wilmington, DE 19899-0709

James F. Bailey, Jr., Esquire
Bailey & Associates
Three Mill Road, Suite 306A
Wilmington, DE 19806

Sean J. Bellew, Esquire
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, PC
Nemours Building
1007 Orange Street, Suite 205
Wilmington, DE 19801

I hereby certify that on September 7, 2005, I mailed by United States Postal Service, the document to the following non-registered participants:

Victoria K. Petrone, Esquire
Tighe, Cottrell & Logan, PA
PO Box 1031
Wilmington, DE 19899

Ron L. Pingitore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

Steven K. Gerber, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Dana Ostrovsky, Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
11th Floor, 1515 Market Street
Philadelphia, PA 19102

Bruce W. McCullough, Esquire
McCullough & McKenty
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397

Geoffrey W. Veith, Esquire
Rogut McCarthy Troy, LLC
One First Avenue – Suite 410
Conshohocken, PA 19428

WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com