**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o EZIBA.COM, INC./AVACET, INC., EBIZA SECURITIES CORP. and MILLERS CAPITAL INSURANCE COMPANY a/s/o DEL-HOMES CATALOG GROUP, LLC, | Civil Action No. 04-339/04-1322 JJF<br><br>CONSOLIDATED ACTION<br><br>JURY OF TWELVE DEMANDED |
| Plaintiffs, | |
| v. | |
| LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., and O'DONNELL, NACCARATO & MACINTOSH, INC. and EAST COAST ERECTORS, INC. | |
| Defendants, | |
| and | |
| LIGHTHOUSE CONSTRUCTION, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| EAST COAST ERECTORS, INC., | |
| Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT EAST COAST ERECTORS, INC.'S**
**ANSWER TO THIRD-PARTY COMPLAINT**

1. Admitted.

2. Denied as stated. Admitted only that East Coast Erectors, Inc. entered into a contract with Lighthouse Construction, Inc. for the construction of a structure, the terms of which are set forth in the contract documents. The balance of the averment is denied.

3. Denied to the extent applicable to East Coast Erectors, Inc.

4. Denied as stated. Admitted only that East Coast Erectors, Inc. entered into a contract with Lighthouse Construction, Inc. for the construction of a structure. The balance of the averment is denied.

5. Denied.

    (a) – (e)    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

6. The Third-Party Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

7. Third-Party Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

8. Third-Party Plaintiff's causes of action are barred in whole or in part by the statute of repose.

### FOURTH AFFIRMATIVE DEFENSE

9. Third-Party Plaintiff's causes of action are barred in whole or in part by the assumption of a known risk and/or contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

10. Third-Party Plaintiff's causes of action are barred by the doctrine of laches, estoppel and waiver.

### SIXTH AFFIRMATIVE DEFENSE

11. If plaintiff sustained the injuries and damages as alleged in its Complaint, said injuries and damages being herein strictly denied, then they were caused by the acts or omissions of entities/individuals over which/whom the answering Third-Party Defendant had no control or duty to control.

### SEVENTH AFFIRMATIVE DEFENSE

12. Third-Party Plaintiff's claims are barred by the economic loss doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

13. The roof collapse was caused by an act of God or force majeure.

### NINTH AFFIRMATIVE DEFENSE

14. Answering Third-Party Defendant did not design the structural systems that allegedly caused the roof collapse.

### TENTH AFFIRMATIVE DEFENSE

15. The alleged contractual indemnification provision between Defendant/Third-Party Plaintiff and Third-Party Defendant violates public policy.

### ELEVENTH AFFIRMATIVE DEFENSE

16. The contract between Defendant/Third-Party Plaintiff and Third-Party Defendant does not contain an indemnification provision.

### TWELFTH AFFIRMATIIVE DEFENSE

17. Third-Party Plaintiff's causes of action are barred in whole or in part by the statute of frauds.

WHEREFORE, Third-Party Defendant demands that Judgment be entered in its favor and against all parties.

## COUNTERCLAIM AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF LIGHTHOUSE CONSTRUCTION, INC.

18. Answering Third-Party Defendant denies that it is liable to the Plaintiff or Third-Party Plaintiff in any respect. However, in the event Third-Party Defendant is held liable, then it counterclaims against Defendant/Third-Party Plaintiff Lighthouse Construction, Inc. on the grounds that the conduct of Defendant/Third-Party Plaintiff Lighthouse Construction, Inc. was the primary cause of the damage sustained by the Plaintiff and that the answering Third-Party Defendant, if liable at all, is only secondarily liable. The answering Third-Party Defendant, East Coast Erectors, Inc., is therefore entitled to indemnification from the Defendant/Third-Party Plaintiff Lighthouse Construction, Inc.

19. In the event that the answering Third-Party Defendant is held primarily liable to the Plaintiff, then the wrongful acts of Defendant/Third-Party Plaintiff Lighthouse Construction, Inc. are contributing causes of the damages sustained by the Plaintiff and the answering Third-Party Defendant is entitled to contribution in any amount which he may be required to pay to the Plaintiff as a result of the Defendant/Third-Party Plaintiff Lighthouse Construction, Inc.'s wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 *Del. C.* § 6308.

20. In the event that it is judicially determined that the Plaintiff is entitled to recovery on the causes of action declared, upon any theory, then Defendant/Third-Party Plaintiff Lighthouse Construction, Inc. is alone liable to the Plaintiff, and/or is jointly or severally liable and/or liable to East Coast Erectors, Inc. by way of contractual indemnity, all liability on the part of East Coast Erectors, Inc. being specifically denied.

21. Without admitting any of the allegations contained in Plaintiff's Complaint, East Coast Erectors, Inc. incorporates herein by reference those allegations. If said allegations are

proven true and correct at the time of trial, East Coast Erectors, Inc. asserts that, pursuant to the terms and conditions of the subcontractor agreement between East Coast Erectors, Inc. and Counterclaim Defendant Lighthouse Construction, Inc., Counterclaim Defendant is liable by way of contractual and common law indemnification for any and all claims, demands, liabilities and obligations on Plaintiff's cause of action against East Coast Erectors, Inc.

WHEREFORE, the answering Third-Party Defendant moves that the Defendant/Third-Party Plaintiff Lighthouse Construction, Inc.'s cause of action be dismissed against it, or in the alternative that answering Third-Party Defendant be indemnified by Defendant/Third-Party Plaintiff Lighthouse Construction, Inc., together with the costs of this action.

### CROSS-CLAIM AGAINST DEFENDANTS BECKER MORGAN GROUP, INC. AND O'DONNELL, NACCARATO & MACINTOSH, INC.

22. The Answering Third-Party Defendant denies that it is liable to the Plaintiff or Third-Party Plaintiff in any respect. However, in the event that the answering Third-Party Defendant is held liable to the Plaintiff, or Third-Party Plaintiff, then it cross-claims against Defendants Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., on the grounds that the conduct of Defendants Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc. was the primary cause of the damage sustained by the Plaintiff and that the answering Third-Party Defendant, if liable at all, is only secondarily liable. The answering Third-Party Defendant, East Coast Erectors, Inc., is therefore entitled to indemnification from Defendants Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc.

23. In the event that the answering Third-Party Defendant is held primarily liable to the Plaintiff, then the wrongful acts of Defendants Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc. are contributing causes of the damages sustained by the Plaintiff

and the answering Third-Party Defendant is entitled to contribution in any amount which he may be required to pay to the Plaintiff as a result of the wrongful acts of Defendants Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 *Del. C.* § 6308.

      WHEREFORE, the answering Third-Party Defendant moves that the cause of action be dismissed against it, or in the alternative, that answering Third-Party Defendant East Coast Erectors, Inc. be indemnified by Defendants Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc., together with the costs of this action.

                                                WETZEL & ASSOCIATES, P.A.

                                                /s/ Natalie M. Ippolito_____
                                                Benjamin C. Wetzel, III (I.D. No. 985)
                                                Natalie M. Ippolito (I.D. No. 3845)
                                                The Carriage House, Suite 201
                                                1100 N. Grant Avenue
                                                Wilmington, DE 19805
                                                (302) 652-1200
                                                nippolito@wetzellaw.com


                                                Robert B. Hill, Admitted Pro Hac Vice
                                                MCLAIN & MERRITT, P.C.
                                                3445 Peachtree Road N.E., Suite 500
                                                Atlanta, GA 30326

                                                *Attorneys for Third-Party Defendant*
                                                *East Coast Erectors, Inc.*

Dated:  September 23, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 23, 2005, I electronically filed the within **Third-Party Defendant East Coast Erectors, Inc.'s Answer to Lighthouse Construction, Inc.'s Third-Party Complaint** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| David L. Baumberger, Esquire<br>Chrissinger & Baumberger<br>Three Mill Road, Suite 301<br>Wilmington, DE 19806 | Frank E. Noyes, II, Esquire<br>White & Williams, LLP<br>PO Box 709<br>Wilmington, DE 19899-0709 |
| James F. Bailey, Jr., Esquire<br>Bailey & Associates<br>Three Mill Road, Suite 306A<br>Wilmington, DE 19806 | Sean J. Bellew, Esquire<br>Cozen O'Connor<br>Chase Manhattan Centre<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801 |
| Robert K. Beste, Jr., Esquire<br>Cohen, Seglias, Pallas, Greenhall & Furman, PC<br>Nemours Building<br>1007 Orange Street, Suite 205<br>Wilmington, DE 19801 | Victoria K. Petrone, Esquire<br>Tighe, Cottrell & Logan, PA<br>PO Box 1031<br>Wilmington, DE 19899 |

    I hereby certify that on September 23, 2005, I mailed by United States Postal Service, the document to the following non-registered participants:

| | |
|---|---|
| Ron L. Pingitore, Esquire<br>White and Williams, LLP<br>1800 One Liberty Place<br>Philadelphia, PA 19103-7395 | Steven K. Gerber, Esquire<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 |
| Bruce W. McCullough, Esquire<br>McCullough & McKenty<br>1225 N. King Street, Suite 1100<br>P.O. Box 397<br>Wilmington, DE 19899-0397 | Geoffrey W. Veith, Esquire<br>Rogut McCarthy Troy, LLC<br>One First Avenue – Suite 410<br>Conshohocken, PA 19428 |
| Dana Ostrovsky, Esquire<br>Cohen, Seglias, Pallas, Greenhall & Furman, P.C.<br>11th Floor, 1515 Market Street<br>Philadelphia, PA 19102 | |

    WETZEL & ASSOCIATES, P.A.

/s/ Natalie M. Ippolito_____
Natalie M. Ippolito (I.D. No. 3845)
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805
(302) 652-1200
nippolito@wetzellaw.com