UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>a/s/o Eziba.com, Inc./Avacet, Inc.,<br>EZIBA SECURITIES CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTHOUSE CONSTRUCTION, INC.,<br>BECKER MORGAN GROUP, INC., and<br>O'DONNELL, NACCARATO &<br>MACINTOSH, INC.,<br><br>Defendants.<br><br>and<br><br>LIGHTHOUSE CONSTRUCTION, INC.,<br><br>Defendant and<br>Third-PartyPlaintiff,<br><br>v.<br><br>EAST COAST ERECTORS, INC.,<br><br>Third-Party Defendant. | C.A. No. 04-339/04-1322-JJF<br><br>(Consolidated)<br><br>**JURY TRIAL OF TWELVE DEMANDED** |

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT[1]

Plaintiff, Federal Insurance Company as subrogee of Eziba.com, Inc./Avacet, Inc., Eziba Securities Corp., by and through its attorneys Cozen O'Connor, hereby moves for leave to file the attached proposed Amended Complaint to include a claim of Gross Negligence against defendants Lighthouse Construction, Inc. and O'Donnell, Naccarato & MacIntosh, Inc. Grounds for the motion are as follows:

---

[1] Plaintiff waives its right to file an opening brief in support of this Motion pursuant to D.Del. LR 7.1.2. Plaintiff reserves its right to file a brief in reply to any opposition to this Motion.

1. This action arises from a building roof collapse at a commercial facility in Dover, Delaware where plaintiff's subrogor warehoused business personal property for distribution in connection with its business.

2. In or about 1999, defendants Lighthouse Construction, Inc., Becker Morgan Group, Inc. and O'Donnell, Naccarato & Macintosh, Inc. designed, engineered and constructed a new building at the facility ("1999 project"). The new building was erected adjacent to an existing building with a lower roofline. The existing building was constructed in 1995 ("1995 building").

3. On February 17, 2003 the 1995 building collapsed due to a snow drift load that was created on its rooftop where the two buildings met and at a point where the roofline of the new building was significantly higher than the 1995 building.[2]

4. On May 27, 2004, plaintiff filed an action against Lighthouse Construction, Inc. ("Lighthouse"), Becker Morgan Group, Inc., and O'Donnell, Naccarato & Macintosh, Inc. ("ONM") based on their negligent acts and/or omissions in the course of designing, engineering and/or constructing the new project.

5. On October 1, 2004, plaintiff Millers Capital Insurance Company filed an action against Lighthouse Construction, Inc. ("Lighthouse"), Becker Morgan Group, Inc., and O'Donnell, Naccarato & Macintosh, Inc. ("ONM") based on their negligent acts and/or omissions in the course of designing, engineering and/or constructing the new project.

6. On November 19, 2004, Lighthouse filed an Answer and Third Party Complaint joining third-party defendant East Coast Erectors, Inc. ("East Coast") in the <u>Millers Capital</u>

---

[2] Exhibit A attached to co-plaintiff Millers Capital Insurance Company's Motion for Leave to File a Second Amended Complaint is an expert report submitted on behalf of ONM admitting that the 1995 building collapsed due, in part, to the snow drift load and that the building was insufficiently strengthened in 1999.

Insurance Company case. According to the facts alleged in the Third Party Complaint, East Coast participated in designing and/or constructing the new project.

7. On December 4, 2004 this Court granted a Joint Motion to Consolidate and plaintiff's action was consolidated with the related case captioned Millers Capital Insurance Company v. Lighthouse Construction, et al. (C.A. No. 04-1322).

8. On June 2, 2005 this Court granted Plaintiff Millers Capital Insurance Company's Motion For Leave to File an Amended Complaint to assert direct claims against third-party defendant East Coast.

9. On August 30, 2005 this Court denied Plaintiff Federal Insurance Company's Motion for Leave to File Rule 14(a) Claim Against Third-Party Defendant, East Coast Erectors, Inc.

10. On September 1, 2005, Plaintiff Federal Insurance Company filed with the Court a Motion for Reconsideration of the Court's Order of August 30, 2005 denying Federal's Motion for Leave to File Rule 14(a) Claim Against Third-Party Defendant, East Coast. The Court has not yet ruled upon Plaintiff Federal's Motion for Reconsideration.

11. The Stipulated Modification to Rule 16 Scheduling Order (granted September 1, 2005) states that all motions to amend pleadings shall be filed on or before September 30, 2005.

12. Discovery has confirmed that Lighthouse was the General Contractor for the 1999 project and hired East Coast to, inter alia, evaluate the 1995 building to support the anticipated snow drift. East Coast, in turn, consulted with ONM to participate in the evaluation of the 1995 building.

13. Discovery has revealed that Lighthouse, East Coast and ONM knowingly and unlawfully failed to comply with local building requirements, building codes and industry standards during the 1999 project by failing to secure/produce construction documents sealed by

3

a professional engineer licensed to practice in the State of Delaware.[3] Additionally, a Building Permit was not secured from the City of Dover, as required, for structural modifications intended to reinforce lower level existing building.[4]

14. Discovery has also revealed that the failures of Lighthouse, East Coast and ONM in, inter alia, securing/producing sealed construction drawings from a licensed professional in the State of Delaware and/or a Building Permit allowed the 1999 project to be improperly and/or unlawfully constructed and, as a result, the 1995 building collapsed under a snow load imposed by the new building.[5]

15. It cannot be disputed that Lighthouse, East Coast and ONM knowingly exposed the 1995 building and a workforce of several hundred people to the known collapse danger presented by creating a snow drift on a lower level building, yet failed to secure/produce a structural analysis of the 1995 building sealed by a licensed engineer in the State of Delaware.[6]

---

[3] Michael Williams, principal of East Coast, testified that the one and only construction drawing for modifications to the 1995 building was not sealed by a licensed engineer. Mr. Williams also testified that he recognized the need for drawings that involved structural modifications to be sealed. Further, he agreed that the modifications to the 1995 building were structural and that Lighthouse never requested a sealed construction drawing for the modifications. See Exhibit B, dep. pages 52-53, 95, 103-110, attached to co-plaintiff's Motion for Leave. Exhibit E attached to co-plaintiff's Motion for Leave is a copy of the January 27, 1997 Regular Council Meeting minutes for the City of Dover wherein the BOCA National Building Code 1996 is adopted, including the proclamation that it shall be unlawful to violate any provisions of the Code. Also attached as part of Exhibit E are excerpts from the Code. Specifically, Section 107, which requires a building permit before adding or altering a structure and Section 114 requiring that all construction documents be prepared and sealed by a registered design professional.

[4] Exhibit C attached to co-plaintiff's Motion for Leave is a copy of Plaintiff's expert report by Frank Davis that identifies the defendants' failure to secure a building permit for the 1999 project. Charles Timbie, P.E., an expert retained by Plaintiffs, also offered his opinion at deposition that the 1999 project should have included a building permit and sealed drawings for the 1995 building modifications, See, e.g., Exhibit D, dep. pages 52-57, attached to co-plaintiff's Motion for Leave.

[5] See, e.g., Exhibits A and C.

[6] Robert MacLeish, principal of Lighthouse, testified at deposition that he recognized the fact that a snow drift was created on the 1995 building with the construction of the 1999 building.

WILM1\32154\1 134623.000

16.     The Delaware Supreme Court has defined gross negligence as a "higher level of negligence representing an extreme departure from the ordinary standard of care." Browne v. Robb, 583 A.2d 949, 953 (Del.1990). Plaintiff seeks to amend its Complaint to include a claim based on Gross Negligence against Lighthouse, ONM and East Coast for their extreme departure from the ordinary standard of care by: a) knowingly creating a roof collapse risk to property and persons; b) failing to secure a Building Permit and/or sealed construction plans for the 1995 building modifications to protect against the known risk; c) failing to adequately reinforce the 1995 building; and d) failing to secure a sealed structural analysis of the 1995 building.

17.     The applicable building code for the City of Dover, BOCA 1996, specifically required sealed construction drawings and a Building Permit before the commencement of the 1999 project, including the alteration and evaluation of the 1995 building, to protect the owners and occupants of the buildings from inter alia, collapse.

18.     Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading by leave of court, which leave should be given freely as justice so requires. PE Corporation v. Affymetrix, Inc., 2001 WL 1180280 (D.Del. Sept. 27, 2001). Such amendments should relate back to the date of the original filing where the claims in the amended pleadings arose from the same conduct, transaction or occurrence set forth in the original pleading. Yorden v. Flaste, 374 F.Supp. 516 (D.Del. 1974).

19.     Plaintiff has a good faith basis in asserting this additional claim.

20.     Defendants will not suffer undue prejudice by virtue of the amendment.

---

See, e.g., Exhibit F, dep. pages 174-176, attached to co-plaintiff's Motion for Leave. Michael Williams, principal of East Coast, also testified that the roof height differential caused a snow drift on the 1995 building. See, e.g., Exhibit B, pages 52-57.

21. Pursuant to Delaware Federal Local Rule 15.1, one original and one copy of plaintiff's Amended Complaint in its final form is attached hereto and one copy of plaintiff's Amended Complaint indicating additions and subtractions is attached hereto.

COZEN O'CONNOR

Dated: September 30, 2005

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2026
Facsimile: (302) 295-2013

Of Counsel:
Steven K. Gerber, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2088

*Attorneys for Plaintiffs*