# EXHIBIT "A"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
---------------------x
FEDERAL INSURANCE    : CIVIL ACTION
COMPANY a/s/o        :
EZIBA.COM./AVACET,   : NO. 04-339
INC., EZIBA          :
SECURITIES CORP.,    :
          Plaintiff(s), :
          v.         :
LIGHTHOUSE           :
CONSTRUCTION, INC.,  :
BECKER MORGAN GROUP, :
INC., and O'DONNELL, :
NACCARATO &          :
MACINTOSH, INC.,     :
          Defendant(s). :
---------------------x
MILLERS CAPITAL      : CIVIL ACTION
INSURANCE COMPANY    :
a/s/o DEL-HOMES      : NO. 04-1322-JJF
CATALOG GROUP, LLC,  :
          Plaintiff(s), :
          v.         :
LIGHTHOUSE           :
CONSTRUCTION, INC.,  :
BECKER MORGAN GROUP, :
INC., and O'DONNELL, :
NACCARATO &          :
MACINTOSH, INC.,     :
          Defendant(s) :
and                  :
LIGHTHOUSE           :
CONSTRUCTION, INC.,  :
     Defendant and   :
     Third-Party     :
     Plaintiff,      :
          v.         :
EAST COAST ERECTORS, :
INC.,                :
     Third-Party     :
     Defendant.      :
---------------------x
```

VOLUME 2

ESQUIRE DEPOSITION SERVICES

ca9d1628-4c14-490d-84b2-f6cfc749a047

Page 289

1        Continued oral deposition of

2    ROBERT C. MacLEISH, held at the law

3    offices of CHRISSINGER & BAUMBERGER, 3

4    Mill Road, Suite 301, Wilmington, DE

5    19806, on Monday, April 11, 2005,

6    beginning at 9:15 a.m., before Debra J.

7    Weaver, a Federally Approved RPR, CRR,

8    CSR of NJ (No. XI 01614) and Delaware

9    (No. 138-RPR, Expiration 1/31/08), and a

10   Notary Public of New Jersey, Pennsylvania

11   and Delaware.

12

13

14

15

16

17

18

19

20

21

22          ESQUIRE DEPOSITION SERVICES
          1880 John F. Kennedy Boulevard
23               15th Floor
          Philadelphia, Pennsylvania 19103
24               (215) 988-9191

ca9d1628-4c14-490d-84b2-f6cfc749a047

ROBERT C. MacLEISH

Page 389

1      Q.    You don't think so?

2      A.    No.

3      Q.    Okay.  Where do you think it

4  is?

5      A.    If I could get a set of

6  foundation plans, it would probably be

7  easier for --

8      Q.    For the '99 building?

9      A.    Yes.

10      Q.    Okay.  I think they

11  correspond, but it's not important enough

12  to take the time right now to do it.

13          I'm not going to fish out

14  the documents.  Let's see if we can do

15  this without them.

16          But do you recall the

17  scope-of-work document that was

18  transmitted to East Coast Erectors?

19      A.    Yes, sir.

20      Q.    And if we need to look at

21  it, I think Mr. Pingitore may be pulling

22  it up for us now, but did you understand,

23  with respect to any design engineering,

24  that that would be subcontracted or

ca9d1628-4c14-490d-84b2-f6cfc749a047

ROBERT C. MacLEISH

Page 390

1    referred to a design engineering firm by

2    East Coast Erectors?

3            A.    Can I see the scope of work?

4            Q.    Sure.

5            A.    I think I actually have it.

6            Q.    I think it might be actually

7    numbered Moore-8.  Is that it?

8            A.    Yes, I believe it is.

9            Q.    Go ahead and take a look at

10   it.

11           A.    Yes.  Under work to be

12   included, under item number one, we said

13   the structural design, the steel and

14   concrete foundation is complete,

15   coordinate with architect in completing

16   design.  The architect is BM2OR, Ernie

17   Olds.

18           Q.    Now, is -- what that meant

19   to you is that the structural design of

20   the 1999 structure would be provided by

21   some design engineer?

22           A.    Yes, a licensed engineer.

23           Q.    Right.  And you looked to

24   East Coast Erectors to locate and engage

ESQUIRE DEPOSITION SERVICES

ca9d1628-4c14-490d-84b2-f6cfc749a047

ROBERT C. MacLEISH

Page 391

1    a licensed engineer for that purpose?

2        A.    Yes, sir.

3        Q.    Okay.  You knew, at the

4    time, that they had located and

5    identified O'Donnell Naccarato &

6    MacIntosh as that structural engineer?

7        A.    Yes.  After -- yes, when we

8    saw the drawings.

9        Q.    And was that agreeable and

10   acceptable to you at the time?

11       A.    Yes.

12       Q.    And you knew that East Coast

13   Erectors, just as you would, relied upon

14   that structural design engineer to design

15   all the structural aspects of this

16   project?

17           MR. BAUMBERGER:  Objection

18       to the form.

19           MR. BAILEY:  Objection.

20           MR. HILL:  That's a proper

21       objection.

22   BY MR. HILL:

23       Q.    You understood, with respect

24   to the structural design that was

ca9d1628-4c14-490d-84b2-f6cfc749a047

ROBERT C. MacLEISH

Page 392

1    contemplated for the scope of work for

2    East Coast Erectors, that all of the

3    design work would be supplied by ONM?

4        A.    Oh, is that O'Donnell --

5        Q.    Yes.  I'm sorry.

6        A.    Yes, sir.

7        Q.    The only one talking any

8    more than you here is me, and I shorten

9    it when I can.

10       A.    Okay.

11       Q.    Now, with respect to Item C

12   that you were asked about earlier in your

13   deposition, did you understand also that

14   that design work would be provided by

15   ONM?

16       A.    Yes.

17       Q.    Okay.  That was acceptable

18   to you?

19       A.    That they would do that?

20   That ONM would do that work?

21       Q.    Yes.

22       A.    Yes.

23       Q.    Now, in the structural

24   design that is contemplated by Item 2C in

ca9d1628-4c14-490d-84b2-f6cfc749a047

# EXHIBIT "B"



Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------x
FEDERAL INSURANCE         : CIVIL ACTION
COMPANY a/s/o             :
EZIBA.COM./AVACET,        : NO. 04-339
INC., EZIBA SECURITIES    :
CORP.,                    :
        Plaintiff(s),     :
            v.            :
LIGHTHOUSE                :
CONSTRUCTION, INC.,       :
BECKER MORGAN GROUP,      :
INC., and O'DONNELL,      :
NACCARATO & MACINTOSH,    :
INC.,                     :
        Defendant(s).     :
------------------------x
MILLERS CAPITAL           : CIVIL ACTION
INSURANCE COMPANY         :
a/s/o DEL-HOMES           : NO. 04-1322-JJF
CATALOG GROUP, LLC,       :
        Plaintiff(s),     :
            v.            :
LIGHTHOUSE                :
CONSTRUCTION, INC.,       :
BECKER MORGAN GROUP,      :
INC., and O'DONNELL,      :
NACCARATO & MACINTOSH,    :
INC.,                     :
        Defendant(s)      :
and                       :
LIGHTHOUSE                :
CONSTRUCTION, INC.,       :
        Defendant and     :
        Third-Party       :
        Plaintiff,        :
            v.            :
EAST COAST ERECTORS,      :
INC.,                     :
        Third-Party       :
        Defendant.        :
------------------------x
```

Esquire Deposition Services

c5a2c36b-3372-45de-8c41-c7582a668b08

Page 2

1                Oral deposition of MICHAEL M.

2  McKONE, held at the law offices of CHRISSINGER

3  & BAUMBERGER, 3 Mill Road, Suite 301,

4  Wilmington, DE 19806, on Wednesday, July 27,

5  2005, beginning at 1:50 p.m., on the above

6  date, before Debra J. Weaver, a Federally

7  Approved RPR, CRR, CSR of NJ (No. XI 01614) and

8  Delaware (No. 138-RPR, Expiration 1/31/08), and

9  a Notary Public of New Jersey, Pennsylvania and

10  Delaware.

11

12

13

14

15

16

17

18

19

20

21

22              ESQUIRE DEPOSITION SERVICES
             1880 John F. Kennedy Boulevard
23                      15th Floor
           Philadelphia, Pennsylvania 19103
24                 (215) 988-9191

c5a2c36b-3372-45de-8c41-c7582a668b08

MICHAEL M. McKONE

Page 101

1      Q.      Okay.  You know, what did you do to
2  prepare for your testimony today?
3      A.      Nothing.
4      Q.      Nothing?  So you haven't had a chance
5  to look through any of the thousands of pages of the
6  job file or anything else?
7      A.      No.
8      Q.      In 1999, when you were dealing with
9  Mike Williams and East Coast Erectors, were you
10 aware that they were steel erectors and fabricators
11 and did not have any structural engineering
12 expertise?
13     A.      Yes.
14     Q.      Okay.  So as you approached the task
15 of entering agreements with them and working with
16 them on this project, did you expect all along that
17 they would go out and hire some other structural
18 engineering firm?
19     A.      Yes.
20     Q.      And were you aware that they actually
21 did go and hire O'Donnell Naccarato MacIntosh?
22     A.      Yes.
23     Q.      And was that all right with you?
24     A.      Yes.
25     Q.      Okay.  In other words, you had no

Esquire Deposition Services

c5a2c36b-3372-45de-8c41-c7582a668b08

MICHAEL M. McKONE

Page 102

1    objection to O'Donnell Naccarato MacIntosh?

2            A.      No.

3            Q.      And as far as you were concerned,

4    were you relying upon O'Donnell Naccarato MacIntosh

5    to do any of the structural engineering work and

6    design work for the 1999 building and the

7    reinforcement of the '95 building to the extent

8    necessary as structural engineers?

9                    MR. VEITH:  Object to the form.

10                   THE WITNESS:  Yes.

11   BY MR. HILL:

12           Q.      And you knew all along that East

13   Coast Erectors would not do that design work,

14   correct?

15           A.      They would -- I knew they would hire

16   someone to do that for them.

17           Q.      Take a look at Exhibit MacLeish

18   Number 52, if you would, please.  Let me know when

19   you've had a chance to review that.

20           A.      Okay.

21           Q.      It's two pages.  It's got some on the

22   back, which is perhaps more relevant.

23           A.      Okay.

24           Q.      What is that, Exhibit 52?

25           A.      That would be a proposal from Quality

c5a2c36b-3372-45de-8c41-c7582a668b08

# EXHIBIT "C"



Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
----------------------x
FEDERAL INSURANCE     : CIVIL ACTION
COMPANY a/s/o         :
EZIBA.COM./AVACET,    : NO. 04-339
INC., EZIBA           :
SECURITIES CORP.,     :
        Plaintiff(s), :
            v.        :
LIGHTHOUSE            :
CONSTRUCTION, INC.,   :
BECKER MORGAN GROUP,  :
INC., and O'DONNELL,  :
NACCARATO &           :
MACINTOSH, INC.,      :
        Defendant(s). :
----------------------x
MILLERS CAPITAL       : CIVIL ACTION
INSURANCE COMPANY     :
a/s/o DEL-HOMES       : NO. 04-1322-JJF
CATALOG GROUP, LLC,   :
        Plaintiff(s), :
            v.        :
LIGHTHOUSE            :
CONSTRUCTION, INC.,   :
BECKER MORGAN GROUP,  :
INC., and O'DONNELL,  :
NACCARATO &           :
MACINTOSH, INC.,      :
        Defendant(s)  :
and                   :
LIGHTHOUSE            :
CONSTRUCTION, INC.,   :
        Defendant and :
        Third-Party   :
        Plaintiff,    :
            v.        :
EAST COAST ERECTORS,  :
INC.,                 :
        Third-Party   :
        Defendant.    :
----------------------x
```

Esquire Deposition Services

3e12cc05-6437-4a00-90df-01e9644bb72a

Page 2

1      Oral deposition of CHARLES N.

2 TIMBIE, P.E., held at the law offices of

3 CHRISSINGER & BAUMBERGER, 3 Mill Road, Suite

4 301, Wilmington, DE 19806, on Thursday, August

5 4, 2005, beginning at 9:10 a.m., on the above

6 date, before Debra J. Weaver, a Federally

7 Approved RPR, CRR, CSR of NJ (No. XI 01614) and

8 Delaware (No. 138-RPR, Expiration 1/31/08), and

9 a Notary Public of New Jersey, Pennsylvania and

10 Delaware.

11

12

13

14

15

16

17

18

19

20

21

22          ESQUIRE DEPOSITION SERVICES
        1880 John F. Kennedy Boulevard
23                15th Floor
        Philadelphia, Pennsylvania 19103
24             (215) 988-9191

3e12cc05-6437-4a00-90df-01e9644bb72a

CHARLES N. TIMBIE, P.E.

Page 57

1  responsibility to figure out whether or not he's

2  going to seal a document or not?

3      A.    Not in a building of this size.  I

4  mean, this is major structural renovation of a

5  building that should be sealed and signed.  It

6  should be part of the permit.  It should be on the

7  construction drawings.  It should go through the

8  review of the building department and be a part of

9  the permit.

10      Q.    Okay.  And so who's responsible in

11  this case from your review for getting the permits?

12      A.    It would be Lighthouse.

13      Q.    Here's exhibit Williams-118.  Have

14  you ever seen it?

15      A.    I believe I have.

16      Q.    Are you sure?

17      A.    I'm not positive this is the exact

18  document.

19      Q.    Okay.  Assuming just for the purpose

20  of this question that you've seen that or a copy of

21  it, did you make any significant use of it in

22  connection with your analysis?

23      A.    No.

24      Q.    Thank you.

25      MR. BAUMBERGER:  What exhibit number

Esquire Deposition Services

3e12cc05-6437-4a00-90df-01e9644bb72a

# EXHIBIT "D"

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------x
FEDERAL INSURANCE          : CIVIL ACTION
COMPANY a/s/o
EZIBA.COM./AVACET,         : NO. 04-339
INC., EZIBA SECURITIES     :
CORP.,                     :
        Plaintiff(s),      :
            v.             :
LIGHTHOUSE                 :
CONSTRUCTION, INC.,        :
BECKER MORGAN GROUP,       :
INC., and O'DONNELL,       :
NACCARATO & MACINTOSH,     :
INC.,                      :
        Defendant(s).      :
------------------------x
MILLERS CAPITAL            : CIVIL ACTION
INSURANCE COMPANY          :
a/s/o DEL-HOMES            : NO. 04-1322-JJF
CATALOG GROUP, LLC,        :
        Plaintiff(s),      :
            v.             :
LIGHTHOUSE                 :
CONSTRUCTION, INC.,        :
BECKER MORGAN GROUP,       :
INC., and O'DONNELL,       :
NACCARATO & MACINTOSH,     :
INC.,                      :
        Defendant(s)       :
and                        :
LIGHTHOUSE                 :
CONSTRUCTION, INC.,        :
    Defendant and          :
    Third-Party            :
    Plaintiff,             :
            v.             :
EAST COAST ERECTORS,       :
INC.,                      :
    Third-Party            :
    Defendant.             :
------------------------x
```

ESQUIRE DEPOSITION SERVICES
1-215-988-9191

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 2

1          Oral deposition of FRANKLIN M.

2     DAVIS, JR., held at the law offices of

3     CHRISSINGER & BAUMBERGER, 3 Mill Road, Suite

4     301, Wilmington, DE 19806, on Thursday,

5     September 22, 2005, beginning at 12:15 p.m., on

6     the above date, before Debra J. Weaver, a

7     Federally Approved RPR, CRR, CSR of NJ (No. XI

8     01614) and Delaware (No. 138-RPR, Expiration

9     1/31/08), and a Notary Public of New Jersey,

10    Pennsylvania and Delaware.

11    Job No. 7182

12

13

14

15

16

17

18

19

20

21

22              ESQUIRE DEPOSITION SERVICES
            1880 John F. Kennedy Boulevard
23                  15th Floor
            Philadelphia, Pennsylvania 19103
24              (215) 988-9191

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 118

1          for sure.  And I would ask the same

2          thing of MacLeish.  And this is the

3          result of no walk-through, in my

4          opinion.

5   BY MR. HILL:

6          Q.     Isn't it correct, Mr. Davis, that

7   the contractor who is installing the members of

8   the building is required to follow the drawings

9   and specifications of the designer?

10         A.     That's the requirement.

11         Q.     It comes right out of your book,

12  doesn't it?

13         A.     Exactly.  That is correct.

14         Q.     Not your book, but the book by

15  Clough and Sears?

16         A.     That is correct.

17         Q.     In fact, if I read it, it says,

18  "The contractor is required to follow the

19  drawings and specifications and cannot be held

20  to guarantee that the completed project will be

21  free of defects and accomplish the purpose

22  intended."  Now, do you believe that statement

23  to be true, correct?

24         A.     I do believe that.

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 119

1          Q.     And do you conform your own
2    opinions to that statement?
3          A.     Most of the time.
4          Q.     Well, in this case, and according
5    to that statement that you cited in your
6    opinion, isn't it correct that East Coast
7    Erectors had no choice but to comply with the
8    design for the reinforcement?
9          A.     That's what they did.  That's
10   what they did.
11         Q.     Now, I'm going to ask you again.
12   By complying with the requirements of Clough
13   and Sears, you know, isn't it correct that what
14   they did, by following the design of O'Donnell
15   Naccarato MacIntosh, was correct?
16                MR. VEITH:  Object to form.
17                THE WITNESS:  No, it was not
18          correct.  They got no building permit.
19          They didn't have an engineer from the
20          township check it.
21   BY MR. HILL:
22         Q.     Okay.  While we're talking about
23   that, if Lighthouse is the general contractor,
24   whose responsibility was it in this case to get

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 120

1    the building permit?

2            A.      Well, Lighthouse should have

3    thought of it, gotten it, and if they didn't

4    want to get it, or they wanted MacLeish to get

5    it -- Mike Williams to get it, let him get it.

6    The two of them should have decided who was

7    going to get the permit for this building.

8            Q.      Who?

9            A.      The two.

10            Q.      Again --

11            A.      Lighthouse and East Coast should

12    have decided who was going to get the permit

13    for the 1995 building.

14            Q.      What about Lighthouse and the

15    owner?

16            A.      Well, Lighthouse is representing

17    the owner.

18            Q.      Whose responsible to get the

19    building permit?  Isn't it the owner?

20            A.      I don't know what the -- I don't

21    know what the arrangements were, but to

22    secure -- to make sure you've got a permit.

23            Q.      Assuming there was no arrangement

24    at all, whose responsibility is it to get the

ESQUIRE DEPOSITION SERVICES
1-215-988-9191

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 121

1  permit?

2        A.     Lighthouse starts it.  If he

3  wants to go back to the owner and let him get

4  it, fine.  If the owner says you get it, then

5  he gets it.

6        Q.     In this case, Mr. Davis, did the

7  owner and general contractor, Lighthouse,

8  contract for the responsibility of who is going

9  to get the building permit or not?

10       A.     I don't know that.

11       Q.     You don't know?

12       A.     No.

13       Q.     Did you ever ask anybody about

14  that?

15       A.     No, I didn't.

16       Q.     Have you ever even thought about

17  it before today?

18       A.     Yes.

19       Q.     Why didn't you ask?

20       A.     The building permit has been a

21  big problem.

22       Q.     Why didn't you ask?

23       A.     Because it's Lighthouse's

24  responsibility as representing the owner to get

Page 122

1    what he needs.

2              Q.      Okay.    Representing the owner?

3              A.      Yeah.

4              Q.      So you mean it's the owner's

5    responsibility, and in this case they fulfilled

6    it by getting Lighthouse as their

7    representative to procure the permit?

8              A.      I don't know how the permits were

9    pulled.  I just know there was never a permit

10   pulled for the 1995 building.  The building

11   department has no record of that and said if

12   they had had a record of it and knew about it,

13   they'd be on the job looking to see what was

14   going to be done.

15             Q.      In your -- in the documents that

16   you've identified as what you believe to be the

17   East Coast Erectors contract with Lighthouse,

18   is there anything in there requiring Lighthouse

19   to procure a permit, any words in there about

20   procuring permits?

21             A.      I don't think there were, but I

22   didn't read it again.  I'd have to check it

23   out.

24             Q.      Let me give it to you.  I'll give

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 123

1    you 120 and 121.  Is there any contractual

2    requirement there for East Coast Erectors to

3    procure any permits?

4              MR. VEITH:  Object to the form of

5         that question.

6              THE WITNESS:  I see nothing by

7         Lighthouse.

8    BY MR. HILL:

9         Q.    You said Lighthouse.  You mean --

10        A.    Nothing by Lighthouse to get a

11   permit for this.

12        Q.    I'm talking about for East Coast

13   Erectors.  Is there anything about East Coast

14   Erectors procuring any permits?

15        A.    No.

16        Q.    Okay.  And there's nothing in

17   there about submitting anything to the building

18   permit officials, is there?

19        A.    No.

20        Q.    There's nothing in there about

21   requiring them to provide a sealed drawing for

22   the 1995 reinforcement either, is there?

23        A.    No.

24        Q.    Sir?

ESQUIRE DEPOSITION SERVICES
1-215-988-9191

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

Page 124

1      A.      No.

2      Q.      All right.  So as you testify

3  here today, you don't know of any contractual

4  provision that East Coast Erectors had where

5  they undertook to be involved in permits at

6  all, do you?

7      A.      No.

8      Q.      So it would be fair to say that

9  you don't have any contractual basis on which

10 to base an opinion that Lighthouse should have

11 been involved in the permit process, do you?

12     A.      Not contractual.

13     Q.      Okay.  Isn't it the contracts

14 that define the roles of the various parties to

15 a construction contract?

16     A.      Yes.

17     Q.      If it's not a part of your

18 contract, it's not a part of your scope, is it?

19 Correct?

20     A.      Correct.

21     Q.      And if it's not a part of your

22 scope, then you're not supposed to be doing it,

23 are you?  Correct?

24     A.      The --

5e5952b5-5bb6-4785-ae5d-74d5b75d7ad2

**EXHIBIT "E"**



```
                                                    Page 1

           UNITED STATES DISTRICT COURT

        FOR THE DISTRICT OF DELAWARE

-------------------x
FEDERAL INSURANCE    : CIVIL ACTION
COMPANY a/s/o        :
EZIBA.COM./AVACET,   : NO. 04-339
INC., EZIBA          :
SECURITIES CORP.,    : VOLUME 1
        Plaintiff(s), :
           v.        :
LIGHTHOUSE           :
CONSTRUCTION, INC.,  :
BECKER MORGAN GROUP, :
INC., and O'DONNELL, :
NACCARATO &          :
MACINTOSH, INC.,     :
        Defendant(s). :
-------------------x
MILLERS CAPITAL      : CIVIL ACTION
INSURANCE COMPANY    :
a/s/o DEL-HOMES      : NO. 04-1322-JJF
CATALOG GROUP, LLC,  :
        Plaintiff(s), :
           v.        :
LIGHTHOUSE           :
CONSTRUCTION, INC.,  :
BECKER MORGAN GROUP, :
INC., and O'DONNELL, :
NACCARATO &          :
MACINTOSH, INC.,     :
        Defendant(s)  :
and                  :
LIGHTHOUSE           :
CONSTRUCTION, INC.,  :
        Defendant and :
        Third-Party  :
        Plaintiff,   :
           v.        :
EAST COAST ERECTORS, :
INC.,                :
        Third-Party  :
        Defendant.   :
-------------------x
```

Esquire Deposition Services

82247b18-9ea6-4233-b4ff-b0e4336a9194

Page 2

1          Oral deposition of ROBERT T.

2   MacINTOSH, held at the law offices of

3   CHRISSINGER & BAUMBERGER, 3 Mill Road,

4   Suite 301, Wilmington, DE 19806, on

5   Monday, April 11, 2005, beginning at 1:40

6   p.m., on the above date, before Debra J.

7   Weaver, a Federally Approved RPR, CRR,

8   CSR of NJ (No. XI 01614) and Delaware

9   (No. 138-RPR, Expiration 1/31/08), and a

10  Notary Public of New Jersey, Pennsylvania

11  and Delaware.

12

13

14

15

16

17

18

19

20

21

22          ESQUIRE DEPOSITION SERVICES
         1880 John F. Kennedy Boulevard
23              15th Floor
       Philadelphia, Pennsylvania 19103
24            (215) 988-9191

Esquire Deposition Services

82247b18-9ea6-4233-b4ff-b0e4336a9194

ROBERT T. MacINTOSH

1    Ron Pingitore.  I represent Millers

2    Capital Insurance Company, the insurer of

3    the 1995 building at the time of the

4    collapse, and a plaintiff in the

5    consolidated actions.

6              The same instructions that

7    were given to you by Mr. Gerber will

8    apply for my questions as well.  Is that

9    understood?

10        A.    Yes.

11        Q.    Okay.  You've identified Joe

12   Anastasi as a designer with ONM, correct?

13        A.    Yes.

14        Q.    And he is not a licensed

15   professional engineer, correct?

16        A.    Yes.

17        Q.    And how does that work with

18   him preparing designs and performing

19   engineering functions in terms of being

20   able to present a document as being

21   prepared by a licensed engineer?

22        A.    He does not seal the

23   drawings.  He's under my direction and

24   control.  So I'm allowed to seal the

ROBERT T. MacINTOSH

Page 102

1    drawings that are prepared in our office.

2        Q.    And what makes you able to

3    seal drawings prepared by Mr. Anastasi?

4        A.    Because they're -- they're

5    designed under my supervision.

6        Q.    Okay.  And that requires

7    then that you supervise Mr. Anastasi,

8    correct?

9        A.    Yes.

10        Q.    And did you supervise Mr.

11    Anastasi in regard to the 1999

12    evaluations for the subject buildings?

13        A.    I don't understand the

14    question.

15        Q.    As of 1999, were you

16    supervising Mr. Anastasi's work on the

17    1995 building evaluation and the 1999

18    building design?

19        A.    Yes.

20        Q.    And what did you do in order

21    to fulfill your role as Mr. Anastasi's

22    supervisor?

23        A.    Normally within the course

24    of a project's development and design in

Esquire Deposition Services

82247b18-9ea6-4233-b4ff-b0e4336a9194

ROBERT T. MacINTOSH

Page 110

1       A.      No.

2       Q.      Is it more than one?

3       A.      It was more than one.

4       Q.      Is it more than two?

5       A.      I don't know.

6       Q.      You're a licensed

7   professional engineer, correct?

8       A.      Yes.

9       Q.      What states?

10      A.      Delaware, Pennsylvania, New

11   Jersey, New York, Washington, DC,

12   Vermont, Connecticut, Maine, Virginia,

13   Tennessee, Maryland.  There may be one or

14   two more.  But that's it.  I passed on

15   the first time.

16              MR. BAUMBERGER:  Did you

17         just take it once?

18              THE WITNESS:  Just once.

19         Got a 99.

20   BY MR. PINGITORE:

21      Q.      Earlier in your testimony

22   you stated that it was your belief, based

23   on conversations with Joe, that Mike

24   Williams verified that the drawings you

82247b18-9ea6-4233-b4ff-b0e4336a9194