**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/oEzibz.com, Inc./Avacet, Inc., EZIBA SECURITIES CORP., and MILLERS CAPITAL INSURANCE COMPANY a/s/o Del-Homes Catalog Group LLC, <br>           Plaintiffs, <br>     v. <br> LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., O'DONNELL, NACCARATO & MACINTOSH, INC., and EAST COAST ERECTORS, INC. <br>           Defendants. <br>     and <br> LIGHTHOUSE CONSTRUCTION, INC., <br>           Defendant and Third-Party Plaintiff, <br>     v. <br> EAST COAST ERECTORS, INC., <br>           Third-Party Defendant. | : <br> : <br> : <br> : **JURY TRIAL OF TWELVE** <br> : **DEMANDED** <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 04-339/04-1322-JJF <br> : (Consolidated) <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFF MILLER CAPITAL INSURANCE COMPANY'S REPLY TO DEFENDANT/THIRD PARTY DEFENDANT EAST COAST ERECTORS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

COMES NOW, plaintiff Millers Capital Insurance Company as subrogee of Del Homes Catalog Group, LLC and files this Reply to defendant/third party defendant East Coast Erectors, Inc.'s Opposition to plaintiff's Motion for Leave to File a Second Amended Complaint as follows:

1.      Plaintiff timely filed a Motion for Leave to File a Second Amended on September 30, 2005.  On August 29, 2005 the parties stipulated to a Modified Rule 16 Scheduling Order with an agreed to date of September 30, 2005 to file any motion to amend.  The Order was granted September 1, 2005.  Plaintiff requested leave to assert a Gross Negligence claim against

East Coast Erectors, Inc., Lighthouse Construction, Inc. and O'Donnell, Naccarato & MacIntosh, Inc. ("ONM").

2.  Defendant East Coast Erectors, Inc. ("ECE") filed its opposition to plaintiff's Motion on October 14, 2005. The other defendants have not opposed plaintiff's Motion.

3.  ECE argues, in opposition to plaintiff's Motion, that: a) ECE would be unduly prejudiced if the Motion is granted; b) discovery is complete; and c) plaintiff failed to state a claim for gross negligence and/or such a claim is futile. Plaintiff's reply is as follows:

### A. There Is No Undue Prejudice

4.  The parties agreed that all motions to amend must be filed by September 30, 2005. Plaintiff complied with the agreement. Discovery closes November 30, 2005 and is continuing. Moreover, a trial date has not yet been set. ECE cannot be prejudiced under these circumstances. *See, e.g.*, *Centerforce Technologies, Inc. v. Austin Logistics Inc.*, 2000 U.S. Dist. LEXIS 6924 (D. Del. Mar. 10, 2000) (cited by ECE; holding that where discovery had not closed, the claims involve the same product and a trial date has not been set, the opposing party will not be prejudiced by granting the motion to amend). Plaintiff is seeking leave to include a claim based on Gross Negligence, a higher level of negligence representing an extreme departure from the ordinary standard of care. This claim will not change the factual complexion of the case.

### B. Discovery Has Not Closed – No Undue Delay

5.  The discovery period has not closed. In fact, expert depositions are being scheduled for November and plaintiff anticipates taking at least one additional fact witness deposition. It was only 21 days before filing its Motion that plaintiff received an expert report from ECE's co-defendant and subcontractor, ONM, written by Glenn Rentschler, Ph.D., P.E.

(Exhibit A to plaintiff's Motion) further detailing the extreme departure from ordinary care by ECE. For example, Mr. Rentschler writes, at page 4:

> It was incumbent on Lighthouse Construction and East Coast Erectors to supply correct data as to existing conditions including interior collateral and exterior roof loads. . . . East Coast and Lighthouse did not convey the various discrepancies, hereinabove referred, to the attention of ONM, but instead indicated that the plans (Varco Pruden) were accurate and were in fact, a true representation of existing field conditions. . . . The failure of East Coast to communicate to ONM that the beam braces specified on the Varco drawings were not in the proper quantity or were omitted was a deviation from the standard of care expected of those parties.

Mr. Rentschler is scheduled to be deposed on November 9th.

    **C.**    **Plaintiff Has Stated A Claim That Is Not Futile**

6.    It cannot be disputed that ECE was aware of the fact that the 1999 building would create an increased snow load on the existing 1995 building.[1] Likewise, it cannot be disputed that ECE subcontracted with ONM to <u>participate</u> in the design process.[2] To that end, ECE participated by taking field measurements for ONM, after securing what it represented as "As Built" drawings. While ECE argues otherwise, according to ONM's designer, Mr. Anastasi, ECE did participate in the evaluation of the 1995 building:

> Q.    Okay. So what was your understanding of the accuracy of the drawings that you received [for the 1995 building] vis-à-vis the conditions in the field?
>
> A.    There was a, I believe, a phone call that I had requested for East Coast, either to go out to the site, or when they were out on site surveying information for the new addition, if they could go up, once we got the drawings, to verify the depths of the existing members of the spacings, the spans, to make sure that they were at least consistent with the drawings, at whatever stage they were presented to us.

---

[1] *See* Exhibit B to plaintiff's Motion (Deposition Excerpts from Michael Williams of ECE). *See, also*, footnotes 3 and 5 of plaintiff's Motion.
[2] <u>See</u> Exhibit B to plaintiff's Motion (Deposition Excerpts from Michael Williams of ECE, pp. 52-57).

Exhibit A, Anastasi deposition pp. 114-115  (attached hereto).

    7.    ECE knew it needed a sealed plan to modify the existing structure, but instead proceeded with only the benefit of an incomplete sketch created by an unlicensed person.  ECE's principal, Mr. Williams, testified as follows on the need to secure sealed plans for structural modifications:

> Q.    Are there other drawings to your understanding that must be sealed?
>
> A.    The structural drawings for the project must be sealed.
>
> Exhibit B to plaintiff's Motion – Williams dep. p. 95.
>
> Q.    Would you consider the work depicted in Exhibit 125 [sketch showing modification to existing building] to be structural in nature?
>
> A.    I guess that's a fair statement,  yes.
>
> Exhibit B to plaintiff's Motion – Williams dep. pp. 107-108.
>
> Q.    And to your knowledge, was this document [Exhibit 125] ever sealed by a registered engineer?
>
> A.    Not to my knowledge.

Exhibit B to plaintiff's Motion – Williams dep. p. 105.

    8.    Moreover, ECE failed to communicate important deviations from the plans for the 1995 building that it had actual knowledge of in 1995 when it represented the plans as "As Built" during the design phase of the 1999 project.  Mr. Williams testified on the subject as follows:

> Q. Sitting here today, are you aware of any deviations from the erection drawings with respect to the actual condition of the 1995 building as of the time of the collapse?
>
> Mr. Hill:  I'm going to object to the form of that question.
>
> Q. You can answer it.
>
> A. Am I aware of any deviation from the erection drawing is your question?

> Q. Right.
>
> A. Yes.
>
> Q. What are you aware of?
>
> A. There were braces at the column omitted, which were shown on the erection drawings.
>
> \*   \*   \*
>
> Q. And how did that come to be known by you?
>
> A. My recollection was the quantity shipped was not consistent with the quantity shown on the erection drawings, and I was informed of that by my field people, which I relayed to Mr. MacLeish and was told that those braces were not necessary due to a stiffener added to the girder beam at every interior column.
>
> Q. And when was this conversation?
>
> A. This would have been probably early in the erection of the 1995 building.
>
> \*   \*   \*
>
> Q. Did relay any part of that conversation to O'Donnell Naccarato as part of their involvement in the 1999 project and evaluation of the 1995 building?
>
> A. I don't recall.

Exhibit B to plaintiff's Motion – Williams dep. pp. 111-114.

9.   Mr. Rentschler's September 9, 2005 report, as quoted above, confirmed for the first time in this case that, from ONM's perspective, the missing brace condition was not brought to the attention of ONM in 1999.

10.   Gross negligence has been defined as a higher level of negligence representing an extreme departure from the ordinary standard of care. Browne v. Robb, 583 A.2d 949, 953 (Del.1990). Plaintiff's claim is based on, inter alia, the fact that ECE: 1) was aware of the hazard to life and property presented by the drifted snow load; 2) was part of the design team that

failed to properly evaluated the conditions; 3) unlawfully failed to secure sealed construction plans and/or a building permit; and 4) failed to disclose known deviations from the erection plans for the 1995 building that weakened it structurally.

11.  Finally, ECE's opposition states that the only potential reason for permitting plaintiff to allege gross negligence would be to recover punitive damages.  Plaintiff disagrees.  Plaintiff can recover its damages under gross negligence.  Plaintiff should be entitled to argue, at trial, that ECE's conduct was grossly negligent and to characterize it as such.  The claim of gross negligence is not futile.

For the reasons stated herein and in Plaintiff Millers Capital's Motion for Leave to File a Second Amended Complaint, Plaintiff respectfully requests that its Motion be Granted.

Dated:  October 21, 2005

**WHITE AND WILLIAMS LLP**

BY: _____
Frank E. Noyes, Esquire (#3988)
824 North Market Street, Suite 902
Wilmington, DE 19899
302-654-0424
*Attorney for Plaintiff Millers Capital Insurance Company*

*Of Counsel:*
Ron Pingitore, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19135-7395

# EXHIBIT A

```
 1              UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF DELAWARE
 3    ------------------------x
      FEDERAL INSURANCE         :  CIVIL ACTION
 4    COMPANY a/s/o             :
      EZIBA.COM./AVACET,        :  NO. 04-339
 5    INC., EZIBA               :
      SECURITIES CORP.,         :
 6           Plaintiff(s),      :
             v.                 :
 7    LIGHTHOUSE                :
      CONSTRUCTION, INC.,       :
 8    BECKER MORGAN GROUP,      :
      INC., and O'DONNELL,      :
 9    NACCARATO &               :
      MACINTOSH, INC.,          :
10           Defendant(s).      :
      ------------------------x
11    MILLERS CAPITAL           :  CIVIL ACTION
      INSURANCE COMPANY         :
12    a/s/o DEL-HOMES           :  NO. 04-1322-JJF
      CATALOG GROUP, LLC,       :
13           Plaintiff(s),      :
             v.                 :
14    LIGHTHOUSE                :
      CONSTRUCTION, INC.,       :
15    BECKER MORGAN GROUP,      :
      INC., and O'DONNELL,      :
16    NACCARATO &               :
      MACINTOSH, INC.,          :
17           Defendant(s)       :
      and                       :
18    LIGHTHOUSE                :
      CONSTRUCTION, INC.,       :
19           Defendant and     :
             Third-Party        :
20           Plaintiff,         :
             v.                 :
21    EAST COAST ERECTORS,      :
      INC.,                     :
22           Third-Party        :
             Defendant.         :
23    ------------------------x
24
```

COPY

```
 1              Oral deposition of JOSEPH J.
 2  ANASTASI, held at the law offices of
 3  CHRISSINGER & BAUMBERGER, 3 Mill Road,
 4  Suite 301, Wilmington, DE 19806, on
 5  Tuesday, May 3, 2005, beginning at 9:35
 6  a.m., on the above date, before Debra J.
 7  Weaver, a Federally Approved RPR, CRR,
 8  CSR of NJ (No. XI 01614) and Delaware
 9  (No. 138-RPR, Expiration 1/31/08), and a
10  Notary Public of New Jersey, Pennsylvania
11  and Delaware.
12
13
14
15
16
17
18
19
20
21
           ESQUIRE DEPOSITION SERVICES
22        1880 John F. Kennedy Boulevard
                   15th Floor
23      Philadelphia, Pennsylvania 19103
                 (215) 988-9191
24
```

JOSEPH J. ANASTASI

1  the latest, most -- as-built drawings.
2       Q.    And did you ever receive
3  drawings for that building?
4       A.    Yes, eventually we did.
5       Q.    And were you able to make a
6  determination as to whether they were the
7  latest drawings that pertained to that
8  building or as-builts?
9       A.    No, not in those -- in that
10 exact format, no.
11      Q.    Okay. So what was your
12 understanding of the accuracy of the
13 drawings that you received vis-a-vis the
14 conditions in the field?
15      A.    There was a, I believe, a
16 phone call that I had requested for East
17 Coast, either to go out on the site, or
18 when they were out on site surveying
19 information for the new addition, if they
20 could go up, once we got the drawings, to
21 verify the depths of the existing members
22 of the spacings, the spans, to make sure
23 that they were at least consistent with
24 the drawings, at whatever stage they were

Esquire Deposition Services

presented to us.

Q. And when you asked for that information, would that have included -- or would that -- let me rephrase it.

What about things like, you know, what if there had been an accident in that building and damage to one structural member or another, is that something that you would have inquired about?

A. I didn't inquire anything about that.

I don't know if I would typically make a practice of doing something like that. I don't know how else to answer that.

Q. Well, in asking someone to verify whether the drawings accurately depict what's in the field, would that include things like damage to structural members or changes that had been made, if, for example, the current owner of the building had added equipment to the -- suspended it from the ceiling?

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o Ezibz.com, Inc./Avacet, Inc., EZIBA SECURITIES CORP., and MILLERS CAPITAL INSURANCE COMPANY a/s/o Del-Homes Catalog Group LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>LIGHTHOUSE CONSTRUCTION, INC., BECKER MORGAN GROUP, INC., O'DONNELL, NACCARATO & MACINTOSH, INC., and EAST COAST ERECTORS, INC.<br>        Defendants.<br><br>   and<br><br>LIGHTHOUSE CONSTRUCTION, INC.,<br><br>        Defendant and Third-Party Plaintiff,<br><br>        v.<br><br>EAST COAST ERECTORS, INC.,<br><br>        Third-Party Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 04-339/04-1322-JJF<br>: (Consolidated)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: **JURY TRIAL OF TWELVE**<br>: **DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

**AND NOW**, upon consideration of plaintiff, Millers Capital Insurance Company as subrogee of Del-Homes Catalog Group, LLC's, Motion for Leave to File a Second Amended Complaint, and any response and opposition thereto, it is hereby **ORDERED** this _____ day of _____, 2005,  that plaintiff's motion is **GRANTED**.

                                                                           BY THE COURT:

                                                                           _____

                                                                                               J.

# **CERTIFICATE OF SERVICE**

I, Frank E. Noyes, hereby certify that on this 21st day of October, 2005, I served a true and correct copy of this Reply upon the following counsel:

By CM/ECF e-filing:

James F. Bailey, Esquire
Bailey & Associates, P.A.
716 Tatnall Street
P.O. Box 2034
Wilmington, DE 19899-2034

Victoria K. Petrone, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza
P.O. Box 1031
Wilmington, DE 19899

David L. Baumberger, Esquire
Chrissinger & Baumberger
Three Mill Road
Suite 301
Wilmington, DE 19806

Natalie M. Ippolito
The Carriage House, Suite 201
1100 N. Grant Avenue
Wilmington, DE 19805

Bruce W. McCullogh, Esquire
McCullough & McKenty
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington ,DE 19899

By First Class Mail postage pre-paid:

Geoffrey W. Veith, Esquie
Rogut, McCarthy Troy, LLC
One First Avenue-Suite 410
Conshohocken, PA 19428

Robert K. Beste, Jr. Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
Nemours Building
1007 Orange Street, Suite 205
Wilmington, DE 19801

Steven K. Gerber, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

DOCS_DE 117027v.1

                                        **WHITE AND WILLIAMS LLP**

BY: _____
                              Frank E. Noyes, Esquire (#3988)
                              824 North Market Street, Suite 902
                              Wilmington, DE 19899
                              302-654-0424
                              *Attorney for Plaintiff Millers Capital Insurance Company*